Irene E. CLARKE, Personal
Representative of the Estate
of Willis J. Clarke

v.

Garreth O.M. JONES

and

Kennebec Valley Medical Center.

Supreme Judicial Court of Maine.

Argued Sept. 8, 1986.
Decided Dec. 5, 1986.

Samuel J. Humpert (orally), Waterville, for plaintiff.

Berman, Simmons & Goldberg, Thomas J. Valvano (orally), Paul F. Macri, Lewiston, for Jones.

Malcolm L. Lyons (orally), Michael D. Sietzinger, Augusta, for Kennebec Valley Medical Center.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, GLASSMAN and SCOLNIK, JJ.

ROBERTS, Justice.

Irene E. Clarke, in her capacity as personal representative of the estate of Willis J. Clarke, appeals from a summary judgment entered against her in the Superior Court, Kennebec County, upon her medical malpractice complaint against Garreth O.M. Jones and the Kennebec Valley Medical Center. Clarke was precluded from presenting expert testimony as a sanction for repeated failures to comply with discovery orders. Thereafter, Clarke stipulated that she could not prove her case without such testimony. On appeal, Clarke asserts that the Superior Court erred by imposing such a heavy sanction. We affirm the summary judgment.

The facts are not in dispute. Clarke filed a complaint for medical malpractice on February 28, 1983. From that date to May 24, 1985, more than two years after filing the complaint, Clarke repeatedly failed to comply with the requirements of M.R.Civ.P. 26, missed court-ordered deadlines for complying with Rule 26, and misrepresented her compliance, or lack thereof, to the court.[1] Permissible sanctions for failure to comply with the rules range from imposing costs to outright dismissal.[2]

1. Rule 26(b)(4)(A)(i) states:

A party may through interrogatories require any other party to identify each person whom the other party expects to call as an expert witness at trial, to state the subject matter on which the expert is expected to testify, and to state the substance of facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion.

2. M.R.Civ.P. 37(b)(2) states in part:

If a party ... fails to obey an order to provide or permit discovery ... the court in which the

Clarke's failures to comply are numerous. Clarke initially failed to respond to defendants' interrogatories filed June 23, 1983 and July 23, 1983, causing the defendants to file motions to compel in December, 1983. On December 16, 1983 the court ordered that the interrogatories be answered *in full* within 15 days "or the action shall be dismissed." Clarke filed inadequate responses, generating further motions to compel from defendants in February, March and May, 1984. The court imposed a thirty day deadline for identifying experts on July 15, 1984. Clarke did not respond until three days after the thirty day deadline, prompting a motion by defendant Jones to dismiss or for sanctions. Clarke did obtain an expert on July 18, 1984. This expert withdrew on November 27, 1984. Even during this four-month period Clarke did not comply with her discovery obligation. A Pretrial Order, dated March 18, 1985, gave Clarke an additional sixty days to provide the Rule 26 information. Clarke missed that deadline as well and on May 24, 1985 the court ruled that Clarke could not present expert testimony at trial.

The record reveals Clarke repeatedly provided incomplete and nonresponsive answers to defendants' Rule 26 interrogatories addressing Clarke's expert doctor and Clarke's expert nurse, failed to obtain an expert until a year-and-a-half after the filing of the complaint and on two occasions scrambled to obtain an expert only the day before or the day of the expiration of the court imposed deadlines.

We confronted a similar issue in *Green v. Nemat*, 499 A.2d 470 (Me.1985). There, plaintiff failed to respond adequately to defendant doctor's repeated requests for Rule 26 information over a three year period. *Id.* at 471. The plaintiff stated that she had an expert when she did not, and furnished names but no substance of facts and opinions. *Id.* We stated that "serious instances of noncompliance with pretrial procedures can well support a trial court's determination that dismissal is the appropriate sanction in order to penalize delinquency and to deter like conduct" and that "[i]n light of the systematic and repeated failure of the plaintiff to provide adequate responses to the defendant's expert witness interrogatories, we cannot say that dismissal was not an appropriate sanction aimed at penalizing a serious delinquency." *Id.* at 472. *See also Reeves v. Travelers Insurance Companies*, 421 A.2d 47, 50 (Me.1980). In light of repeated failures to comply with the discovery rules and the court orders, precluding Clarke from presenting expert testimony was within the discretion of the trial court.

The entry is:

Judgment affirmed.

All concurring.

---

action is pending may make such orders in regard to the failure as are just, and among others the following:

....

(B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing designated matters in evidence;

(C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;

....

In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising him or both to pay the reasonable expense, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.