Norma OUELLETTE

v.

Thomas MEHALIC.

Supreme Judicial Court of Maine.

Argued Nov. 20, 1987.
Decided Jan. 8, 1988.

Mark S. Kierstead (orally), Waterville, James Mitchell, Augusta, for plaintiff.

Robert K. Hanson (orally), Paul F. Driscoll, Norman, Hanson & Detroy, Portland, for defendant.

Before NICHOLS, ROBERTS, WATHEN, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

SCOLNIK, Justice.

In this malpractice action, the plaintiff, Norma Ouellette, acting as parent and next friend of her daughter Tracy, appeals the judgment of the Superior Court, Kennebec County, resulting from a directed verdict in favor of the defendant, Thomas Mehalic. The defendant cross-appeals the denial of his motion for summary judgment. We affirm the judgment.

This case concerns brain surgery performed by the defendant on Tracy Ouellette when she was just under six years of age. The purpose of the surgery was the removal of a congenital brain tumor that had continued to cause Tracy substantial medical and developmental problems from a very early age. The gravamen of plaintiff's complaint against the defendant is that although some risks associated with the operation were discussed by the parties, the defendant failed to inform the plaintiff that Tracy would require hormonal therapy the rest of her life, and that there were less invasive forms of treatment. On appeal, the plaintiff contends that the Superior Court erred (1) in granting the defendant's motion for directed verdict, (2) in precluding the plaintiff from calling expert witnesses at trial, and (3) in denying plaintiff's request to continue the commencement of the trial.

The presiding justice directed a verdict for the defendant at the close of plaintiff's case on the ground that no reasonable person could find by a preponderance of the evidence all the necessary elements of medical malpractice. In a medical malpractice case, the plaintiff must establish (1) the appropriate standard of medical care, (2) the defendant's deviation from that recognized standard, and (3) that the conduct in violation of that standard was the proximate cause of the plaintiff's injury. *Cox v. Dela Cruz*, 406 A.2d 620, 622 (Me.1979). Specifically, in an informed consent medical malpractice case, the plaintiff must show that the defendant had a duty to disclose information under the "medical standards applicable to 'a reasonable medical practitioner' in the defendant's branch of medicine." *Jacobs v. Painter*, 530 A.2d 231, 235 (Me.1987). We agree with the trial court that the plaintiff did not present evidence of the applicable medical standard and therefore failed to establish an essential element of a medical malpractice claim against the defendant. Accordingly, it was not error for the Superior Court to direct a verdict in favor of the defendant.

We also find no merit in plaintiff's other claims of error. The court acted well within its discretionary authority to impose sanctions for discovery violations by precluding the plaintiff from calling expert witnesses at trial. *See Clarke v. Jones*, 518 A.2d 713, 714 (Me.1986); *Beaudin v. Beaulieu*, 472 A.2d 426, 427–28 (Me.1984). The court also did not transcend the bounds of its discretion in denying plaintiff's motion for a continuance.

Because we find no error in the direction of a verdict for the defendant, it is unnecessary to consider the defendant's cross-appeal of the denial of his motion for summary judgment.

The entry is:

Judgment affirmed.

All concurring.