**Albert H. PORGES**

v.

**Roland REID, Sr. et al.**

Supreme Judicial Court of Maine.

Argued Sept. 8, 1980.

Decided Dec. 19, 1980.

Norman & Hanson by Stephen Hessert (orally), David C. Norman, Portland, Joseph D. Moser, Belfast, for plaintiff.

Sidney H. Geller (orally), Waterville, Percy Willette, Unity, for defendants.

Before WERNICK, GODFREY, NICHOLS, GLASSMAN and ROBERTS, JJ.

NICHOLS, Justice.

The Defendants, Roland Reid, Sr. and Susan J. Balestra (formerly Susan Reid), appeal from a final judgment entered by default in Superior Court, Waldo County, on October 23, 1979, in favor of the Plaintiff, Albert H. Porges. The Defendants assert that because they failed to receive proper notice of the taking of various depositions, the presiding justice abused his discretion when he denied their motion to set aside an entry of default and also their motion to exclude from evidence at the hearing on damages the deposition of a certain physician.

We deny the appeal.

On January 29, 1973, the Plaintiff commenced an action for personal injuries against the Defendants, residents of Newfoundland, Canada. A Canadian solicitor, while advising the Defendants to retain Maine counsel, nevertheless proceeded to file an answer for the Defendants in Superior Court.

In November, 1973, and again in May, 1974, the Plaintiff sent notices to take oral depositions to the Canadian solicitor, the only attorney of record at the time. The Defendants failed to appear for the depositions, leading the Plaintiff on June 24, 1974, to file a motion for default judgment pursuant to M.R.Civ.P. 37(d).[1] However, when the Plaintiff learned the Defendants had retained a Maine attorney, he withdrew this

---

1. M.R.Civ.P. 37(d) provides in pertinent part:

    If a party ... fails (1) to appear before the officer who is to take his deposition, after being served with a proper notice, ... without having made an objection thereto, ... the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under paragraphs (A), (B), and (C) of subdivision (b)(2) of this rule ....

    Section 37(b)(2)(C) in pertinent part states:

    [T]he court in which the action is pending may make such orders in regard to the failure as are just, and among others ... (C) An order ... rendering a judgment by default against the disobedient party; ....

motion, and an agreement was reached on a new date for deposing the Defendants. Again the Defendants did not appear at the scheduled time.

Due to the Defendants' failure to respond to any of his communications, the Maine attorney representing them was on motion allowed to withdraw from the case. At the same time, on June 9, 1975, the presiding justice ruled on the Plaintiff's second motion for default judgment, ordering default entered "unless [the Defendants] appear within 30 days, either personally or through counsel." No appearance being made, default was duly entered on July 10, 1975.

In September of 1977 the Plaintiff filed notice to depose a Massachusetts physician who had treated his injuries. Appropriate notice of this deposition was sent to the same Canadian solicitor, the Defendants' only counsel of record at that particular time. Unfortunately, the solicitor had died several months earlier, and the Plaintiff did not learn of his death until after the physician was deposed.

Thereafter, the Maine attorneys representing the Defendants on this appeal became involved in the case, filing a motion to dismiss on May 22, 1978. This motion was denied.

On July 24, 1978, the Defendants moved to set aside the default which had been entered against them. They also moved to exclude from evidence at the hearing on damages the deposition of the Plaintiff's attending physician. Both motions were denied, and on October 23, 1979, final default judgment was entered and damages awarded to the Plaintiff.

A motion to set aside an entry of default, as well as the default judgment resulting therefrom, is addressed to the discretion of the presiding justice, and the ruling thereon is reviewable only for an abuse of discretion. *Sheepscot Land Corp. v. Gregory*, Me., 383 A.2d 16, 20 (1978); *American & Foreign Insurance Association v. Commercial Insurance Co.*, 575 F.2d 980, 982 (1st Cir. 1978).[2] We give considerable deference to the presiding justice's decision on such a motion because of his familiarity with the case and his superior position to evaluate the credibility and good faith of the parties who appeared before him. *See Madsen v. Bumb*, 419 F.2d 4, 6–7 (9th Cir. 1969).

The presiding justice has discretion to set aside an entry of default "[f]or good cause shown." M.R.Civ.P. 55(c).[3] *Sheepscot Land Corp. v. Gregory, supra* at 20; *Downing v. O'Brien*, Me., 325 A.2d 526, 529 (1974). The party seeking to have the entry of default set aside has the burden of proving both a good excuse for the default and the existence of a meritorious defense to the action. *See generally* 2 R. Field, V. McKusick, and L. Wroth, *Maine Civil Practice* § 55.7 (2d ed. 1970).

Although the presiding justice who ruled on the motion to set aside the default found that the Defendants offered a sufficient excuse for not responding to the deposition notice of May 9, 1975, he concluded that the Defendants had presented no evidence excusing their failure to respond to two notices to take oral depositions served in 1973 and 1974 upon their Canadian solicitor, the only attorney of record at the time those particular notices were filed.[4] Given the Defendants' failure

2. *See also* 10 Wright & Miller, *Federal Practice and Procedure* § 2693 (1973).

3. An entry of default should be distinguished from a final default judgment which can be set aside only if the conditions of M.R.Civ.P. 60(b) are met. As the Defendants have at no time filed a motion for relief from final judgment pursuant to Rule 60(b), we limit our review to the issues involving Rule 55(c).

4. For the first time on appeal the Defendants challenge the legal efficacy of their Canadian solicitor's original "general appearance" in the Superior Court, arguing that because he did not comply with the visiting attorney requirements of M.R.Civ.P. 89(b), the notices to take oral depositions sent to the solicitor should have been sent to the Defendants directly. This argument is without merit. For purposes of affecting the discretionary power of the presiding justice to rule upon the motion to set aside the entry of default, the solicitor's "appearance" was of no legal significance. Moreover, as the

to provide a good excuse for not responding to these two notices which were properly served in accordance with M.R.Civ.P. 5, on the face of the record before us no justice could have exercised his discretion to the contrary. *See Willette v. Umhoeffer*, Me., 245 A.2d 540, 543 (1968).

In exercising its discretion, the Superior Court must protect a diligent party from an unresponsive party's needless protraction of litigation. The instant case is fraught with delay which appears to have been caused by the Defendants. The presiding justice did not abuse his discretion in denying the M.R. Civ.P. 55(c) motion.[5]

As an additional issue the Defendants assert that the Superior Court committed prejudicial error when it denied their motion *in limine* to exclude from evidence at a hearing on damages after default the out-of-state deposition of the Plaintiff's physician. The Defendants argue that they were not properly notified of the taking of this deposition.

█ What constitutes proper notice of the taking of an out-of-state deposition is left to the sound discretion of the presiding justice; he should best understand any unique circumstances of the particular case. *Harris v. Brown*, 63 Me. 51, 54 (1873). In the case before us the presiding justice exercised sound discretion, given the circumstances of this case, in denying the Defendants' motion to exclude the physician's deposition and in admitting it into evidence.

█ At the time of the taking of this deposition, the Canadian solicitor was the only attorney of record. Although the so-licitor had died six months earlier, notice of the deposition, addressed to him by the Plaintiff on September 16, 1977, was adequate notice.[6]

In the instant case, the Canadian solicitor had obviously ceased to represent the Defendants at the time of the taking of the deposition. Written notice, however, of his death was not received by the Plaintiff until November of 1977, more than a month after the physician was deposed, and seven months after the solicitor passed away.

The presiding justice ruled that the Defendants waived their objections to the notice of the deposition, given the inordinate amount of time which lapsed before the Plaintiff was notified of the solicitor's death.

█ We note also that the Defendants' present counsel, retained shortly after the physician was deposed, neglected to raise any objections to defects in the notice of the deposition until July 24, 1978, the date of the hearing on default judgment damages. Objections to notice defects must be made promptly or they will be waived. 1 R. Field, V. McKusick, & L. Wroth, *Maine Civil Practice* § 32.1 (2d ed. 1970). Although the Defendants, through present counsel, had ample time to bring alleged irregularities in the notice of the physician's deposition to the attention of the Superior Court, they did not promptly do so. *See* M.R.Civ.P. 32(d)(1).

Given the circumstances of this case, the presiding justice did not abuse his discretion in denying the Defendants' motion, but correctly admitted the physician's deposition into evidence.

sound discretion of the Superior Court must be guided by equitable principles, a party who alleges that he violated a rule of procedure should be estopped from seeking to obtain any advantage from his own alleged violation.

5. In any action in which a party has been defaulted following an appearance by that party, *notice must be given of an application of the* opposing party for a default judgment. *See* M.R.Civ.P. 55(b)(2). We note that after the Defendants were defaulted on July 10, 1975, they received proper written notice of the Plaintiff's motion for default judgment. At the hearing on the motion for default judgment the Defendants were represented by their present counsel.

6. *See Adams v. Alley*, Me., 340 A.2d 201 (1975), in which the defendants asserted that they did not receive proper notice of the filing of a referee's report, copies which were served on the defendants' original counsel of record who had withdrawn from the case. We concluded that the attorney of record was properly subject to service and notice of the report in accordance with M.R.Civ.P. 5(b) because written notice of a change of attorneys had not been served upon the plaintiffs. *Id.* at 203–04.

The entry will be:

Appeal denied.

Judgment affirmed.

All concurring.