## Bonnie J. GREEN

### v.

### Heidar NEMAT, et al.

Supreme Judicial Court of Maine.

Argued Sept. 5, 1985.

Decided Oct. 22, 1985.

Grover G. Alexander (orally), Gray, for plaintiff.

Hewes, Beals and Douglas, Martica Sawin Douglas (orally), Preti, Flaherty & Beliveau, Christopher D. Nyhan, Geoffrey K. Cummings (orally), Portland, for defendants.

Before McKUSICK, C.J., and ROBERTS, VIOLETTE, WATHEN, GLASSMAN and SCOLNIK, JJ.

ROBERTS, Justice.

Bonnie Green appeals from an order of the Superior Court, Androscoggin County, granting summary judgment in favor of the defendants, Drs. Heidar Nemat and August J. Valenti, and in the alternative dismissing Green's complaint for failure to comply with discovery orders pursuant to M.R.Civ.P. 26(b)(4).[1] Because we determine that the sanction of dismissal imposed by the Superior Court was within the scope of its permissible discretion, we affirm the dismissal on that ground. In so doing, we have no need to discuss Green's claim that the summary judgment in favor of the physicians was erroneous.

The complaints, filed against Nemat and Valenti on March 31, 1981 and April·7, 1981 respectively, alleged generally that the physicians rendered improper care and treatment which led to complications following birth of a stillborn child on Decem-

---

1. M.R.Civ.P. 26(b)(4) provides in part:

    A party may through interrogatories require any other party to identify each person whom the other party expects to call as an expert witness at trial, to state the subject matter on which the expert is expected to testify and to state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion....

ber 31, 1978.[2] Each physician sought through interrogatories to elicit the substance of expert medical opinion that Green planned to present at trial. Despite persistent efforts by both defendants and at least four orders by different justices of the Superior Court over a 3-year period, Green completely failed to respond adequately to expert-witness interrogatories.

Initially, Green did not answer the defendants' requests at all until ordered to do so in separate rulings of the Superior Court on September 28, 1981 and November 23, 1981. When eventually she responded to questions regarding use of expert witnesses, Green stated that she planned to call all of the original defendants in the case as well as Drs. Radke, Luck and Willis. In these first responses, however, Green failed to provide the substance of facts and opinions to which each physician would testify.

On September 27, 1982 the Superior Court ordered Green to supplement her answers to Nemat's expert witness interrogatories. This request was not fulfilled, however, until April 23, 1984.[3] The supplemental responses, while somewhat more complete, noted only that Drs. Willis, Luck and Radke would testify that Dr. Nemat failed to drain abscesses and discover a uterine perforation. In her answers Green also stated specifically that she did not know to what the other defendant physicians would testify.

Following receipt of these responses, both physicians filed motions to dismiss alleging, *inter alia,* that Green failed to provide evidence of specific acts of negligence by refusing to provide the substance of facts and opinions of experts that could link them to her injury. In denying the motion on June 11, 1984, yet another justice of the Superior Court specifically ordered Green to supplement the expert witness interrogatories by listing the substance of the experts' proposed testimony.

Green's responses again failed to provide the information required and, instead, noted only that the nine defendants would testify to their respective examination and treatment of the plaintiff. Green's incomplete answers caused both physicians to renew their motions to dismiss, and on August 13, 1984 the Superior Court once again ordered Green to supplement her answers to the expert witness interrogatories or face dismissal.

Green responded to the court's order on September 13, 1984. This time, however, she specifically conceded that she had not engaged or consulted any expert witness for his opinion as to the diagnosis, care and treatment rendered by the defendants. Although Green stated that she planned to call all former defendant physicians to testify, she once again failed completely to state the substance of the facts and opinions to which these experts were expected to testify and to provide a summary of the grounds for each opinion.

After a hearing held on November 5, 1984 on renewed motions by both defendants, a fifth Superior Court justice, *inter alia,* dismissed Green's action with prejudice for failure to comply with the Superior Court's August 13, 1984 discovery order. That dismissal is now before us on appeal.

■ M.R.Civ.P. 37(b)(2)[4] provides a broad range of discretion to the trial court

---

**2.** In the original complaints, Green named a total of 10 defendants. The cases were eventually consolidated by order of the Superior Court on January 11, 1982. All other defendants except Drs. Nemat and Valenti settled or were voluntarily dismissed by Green.

**3.** Part of Green's delay in providing the supplemental answers can be attributed to a stay of the proceedings ordered by the Superior Court on June 22, 1983, pending decision of the Law

Court in *Lidstone, et al. v. Bonnie Green,* 469 A.2d 843 (Me.1983).

The stay, however, occurred nearly 9 months *after* the order had been entered by the Superior Court and decision was rendered in *Lidstone* on December 30, 1983, nearly 4 months *before* the request was finally met.

**4.** M.R.Civ.P. 37(b)(2) provides in part:

If a party ... fails to obey an order to provide or permit discovery ... the court in which the

in imposing sanctions for failure to provide discovery. As we noted in *Reeves v. Travelers Ins. Companies,* 421 A.2d 47, 51 (Me. 1980), serious instances of noncompliance with pretrial procedures can well support a trial court's determination that dismissal is the appropriate sanction in order to penalize delinquency and to deter like conduct generally.

◼ On the basis of the record before us, we find that the November 1984 dismissal was within the discretion of the trial court. The sanction of dismissal was imposed by the court only after 3 years of attempts by the defendants to secure adequate answers to expert witness interrogatories. It followed four separate orders by various justices of the Superior Court that sought to compel Green to provide sufficient information. In response to each order, she provided a list of proposed expert witnesses but failed completely to provide the substance of the facts and opinions to which her named experts would testify as required by Rule 26(b)(4). In fact, Green eventually conceded in final supplemental answers on September 13, 1984 that she had not engaged or consulted any expert witness for his opinion despite earlier representations to the contrary.

In light of the systematic and repeated failure of the plaintiff to provide adequate responses to the defendant's expert witness interrogatories, we cannot say that dismissal was not an appropriate sanction aimed at penalizing a serious delinquency. In sum, the Superior Court acted within the scope of its discretion in dismissing the action.

The entry is:

Judgment affirmed.

All concurring.

action is pending may make such orders in regard to the failure as are just, and among others the following:

    (A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;

    (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing designated matters in evidence;

    (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or *dismissing the action or proceeding or any part thereof,* or rendering a judgment by default against the disobedient party;

    (D) In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination;

    . . . .

(Emphasis added.)

