### DESIGN BUILD OF MAINE, et al.

#### v.

### David PAUL, et al.

Supreme Judicial Court of Maine.

Submitted on Briefs Nov. 20, 1991.

Decided Jan. 15, 1992.

Timothy Robbins, Law Offices of Richard B. Romanow, Portland, for plaintiffs.

Paula House McFaul, Amerling & Burns, Portland, for defendants.

---

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and COLLINS, JJ.

ROBERTS, Justice.

Plaintiffs Design Build of Maine, Marriott Corp., and William S. Best (Design Build) appeal from a default judgment entered in the Superior Court (Cumberland County, *Brennan, J.*) in favor of defendants David and Linda Paul. On appeal Design Build makes two arguments that a default judgment should not have been entered against them: 1) that they were never served with the Pauls' amended answer and counterclaim; and 2) that, even if properly served with the amended pleadings, default was improper because the issues in dispute had been sufficiently defined by the prior pleadings and litigation. Because we agree with this second argument, we vacate the judgment.

I.

In January 1990, Design Build filed a complaint in the District Court (Portland) to perfect a mechanics' lien filed on the Paul's real estate. After the Pauls removed the action to the Superior Court, they filed an answer and counterclaim in February 1990, to which Design Build filed an answer. Over seven months later, on October 12, 1990, the Pauls filed a motion to amend their initial answer and counterclaim.[1] At the same time, the Pauls filed the proposed amendments with the court and provided a copy to Design Build. The court granted the motion to amend over Design Build's objection and ordered the amendments to be deemed filed as of October 15, 1990. On the same day, copies of the court's order were mailed to each of the parties.

On November 2, 1990, the court granted the motion of Design Build's counsel to withdraw, and new counsel entered his appearance; neither counsel, however, filed an answer to the Pauls' amended counterclaims. On November 29, 1990, the Pauls filed an application for default with the clerk's office, stating that Design Build had failed to reply for over forty-five days. Default was entered on December 3, 1990, with copies mailed to Design Build that same day. Design Build filed a motion to strike the clerk's default on December 31, 1990. After a hearing, the court denied the motion. Final judgment was entered on April 29, 1991,[2] and the plaintiffs filed this timely appeal.

II.

Design Build argues that the court should have set aside the entry of default because they were never served with the amended answer, as required by M.R.Civ.P. 5. Rule 5, which governs service of pleadings, is designed to serve as a notice between the parties to an action. *See* 1 Field, McKusick & Wroth, *Maine Civil Practice* § 5.1 (2d ed. 1970) (Rule 5 requires notice to all parties of every step in the action). To this end, the rule allows service to occur before a pleading is filed with the court, so long as the pleading is filed "within a reasonable time thereafter." M.R.Civ.P. 5(d). Thus, when a party has been served with a proposed amendment, the amendment filed with and allowed by the court, and the party notified of the court's action, it would be a pointless formality to require an additional service of the amendment on that party. *See e.g., Smith v. Insurance Co. of North America,* 30 F.R.D. 540, 542 (M.D.Tenn.1962).

In this case, the Pauls filed their motion with the court on October 12. Design Build received a copy of the motion with proposed amendments and responded by filing two letters with the court, voicing their opposition to the motion. Moreover, a copy of the court's order granting the mo-

---

1. The initial answer contained four counterclaims: (1) slander of title, (2) breach of contract, (3) breach of implied and express warranties, and (4) negligence. The amended answer contained the same four counterclaims as well as two additional counterclaims that alleged violations of 10 M.R.S.A. §§ 1486–1490 (Supp.1989) and Unfair Trade Practices Act, 5 M.R.S.A. §§ 206–213 (1980).

2. The court erroneously entered judgment for $74,782.14, one dollar less than the correct total.

tion to amend and deeming the amendments to be filed was sent to Design Build on October 15. In these circumstances, Design Build was properly served with, and received adequate notice of, the proposed amendments as required by M.R.Civ.P. 5.

### III.

■ The court, however, erred in denying Design Build's motion to set aside the entry of default on the four counts in the amended counterclaim that were identical to those in the original counterclaim. "Nothing in the rules of civil procedure requires that a defendant file an amended answer in response to an amended complaint in order to preserve the defenses or denials made in an original answer." *Lee v. Colorado Dept. of Health*, 718 P.2d 221, 225 n. 4 (Colo.1986). *See also* 49 C.J.S. *Judgments* § 199(g) (1947) (default judgment cannot be entered for failure to reply to a counterclaim where the allegations of the complaint controvert the counterclaim). Since Design Build denied those counts in the counterclaim, it would be a mere formality to require them to deny the identical claims a second time when set out in an amended counterclaim.

### IV.

■ The default on the two added counts in the Pauls' amended counterclaim requires a different analysis. A court may set aside an entry of default "for good cause shown." M.R.Civ.P. 55(c). To meet this "good cause" standard, a party generally must show "both a good excuse for his untimeliness in pleading ... and the existence of a meritorious defense." *Hart v. Terry L. Hopkins, Inc.*, 588 A.2d 1187, 1188 (Me.1991) (citing *Porges v. Reid*, 423 A.2d 542, 544 (Me.1980)). Although we previously have affirmed the application of this analysis in divers circumstances, *see e.g., Firth v. City of Rockland*, 580 A.2d 694 (Me.1990) (failure to answer initial complaint); *Pelletier v. Pathiraja*, 519 A.2d 187 (Me.1986) (failure to comply with a

court order compelling production of documents); *Porges*, 423 A.2d 542 (failure to respond to deposition notice); *Sheepscot Land Corp. v. Gregory*, 383 A.2d 16 (Me. 1978) (failure to appear on the date set for trial), we conclude that it was not appropriate in the particular circumstances of the case before us.

The court must view differently a failure to respond at all to an initial complaint and a failure to comply with rules governing pretrial procedures. In the context of this case, the failure to respond to an amended counterclaim more nearly resembles the latter situation than the former. The circumstances of this case do not reflect either "an unresponsive party's needless protraction of litigation," or a case "fraught with delay ... caused by [a party]." *Porges*, 423 A.2d at 545. Rather, the failure to respond arose solely from confusion surrounding the entrance of new counsel shortly after the filing of the *amended* counterclaim. Neither can it be asserted that Design Build's failure to respond resulted "in any substantial inconvenience, detriment or prejudice to the other party." *Wescott v. Allstate Ins. Co.*, 397 A.2d 156, 163 (Me.1979). Rather, the complaint, the Pauls' answer and counterclaims, and Design Build's answer to those counterclaims, suffice to demonstrate both Design Build's willing engagement in the controversy and their unequivocal dispute as to liability. Moreover, the record demonstrates no adverse consequence suffered by the Pauls as a result of Design Build's oversight. *See Pelletier*, 519 A.2d at 190.

We hold, therefore, that Design Build's conduct does not fall within those "serious instances of noncompliance with pretrial procedures" for which the entry of default is appropriate, *e.g., Green v. Nemat*, 499 A.2d 470 (Me.1985) (plaintiff resisted 4 court orders compelling production over 3 years time); *Porges*, 423 A.2d 542 (failure to respond to deposition notice for 6 months supported entry of default); *Reeves v. Travelers Ins. Cos.*, 421 A.2d 47 (Me. 1980) (plaintiff failed to prosecute action

for 32 months), and the court's failure to set aside the entry of default as to the two additional counterclaim counts also constituted error.

The entry is:

Judgment vacated.

Remanded to the Superior Court for further proceedings consistent with the opinion herein.

All concurring.