STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO.  CV-06-66

J. R. BELAIR & CO.,

Plaintiff

v.                                                                              ORDER

MAINE TURF & GREENERY, INC.

Defendant

Before the court is a motion by plaintiff J.R. Belair & Co. to set aside a default entered against it by the clerk on March 2, 2006 with respect to the counterclaim filed by defendant Maine Turf & Greenery, Inc..

The Law Court has recognized a difference between a failure to respond to an initial complaint and a subsequent failure to meet a deadline set forth in rules governing pretrial procedures. Design Build of Maine v. Paul, 601 A.2d 1089, 1091 (Me. 1992). Where J.R. Belair commenced and is actively litigating the case, and where its counsel attended a mediation in the case during the same week that J.R. Belair's reply to the counterclaim was due, this case falls into the category where the default complained of consists of a failure to comply with a deadline in a rule governing pretrial procedures.

As such, the relevant inquiry is whether the default demonstrates "an unresponsive party's needless protraction of litigation" or resulted in substantial inconvenience or prejudice to the other party. Id. In this instance J.R. Belair is not an unresponsive party who is delaying the litigation. J.R. Belair is ready to engage in the

controversy, asserts that Maine Turf is liable on its claims, and unequivocally disputes that it has any liability on the counterclaim.

Moreover, the court does not find that Maine Turf has been prejudiced by the 19-day delay between the date that a reply to the counterclaim was due and the date that it was filed. Maine Turf argues that it has been prejudiced by the District Court's entry of a $16,000 attachment order in this case, but any prejudice resulting from that order was not affected by J.R. Belair's delay in replying to the counterclaim.[1]

The law does not favor defaults, and there is a strong preference for deciding cases on their merits. See Thomas v. Thompson, 653 A.2d 417, 420 (Me. 1995). In particular, J. R. Belair's conduct here does not fall within the category of "serious instances of noncompliance with pretrial procedures" for which the ultimate sanction of an entry of default is appropriate. See Design Build of Maine v. Paul, 601 A.2d at 1091-92. J.R. Belair has offered a sufficient explanation for the default and has demonstrated that it has defenses which if proven at trial would be meritorious.[2]

Finally, lifting the entry of default on the counterclaim in a case where the counterclaim and the main claim are intertwined avoids the anomalous result where litigation would continue on the complaint with respect to some of the same issues resolved by default on the counterclaim.

---

[1] Absent some change in circumstances, it is too late to revisit the district court's attachment order. However, Maine Turf could seek an order specifying that the attachment shall be limited to certain property pursuant to M.R.Civ.P. 4(d)(1).

[2] To establish the existence of a meritorious defense for purposes of Rule 55(c), a party need not demonstrate that it will necessarily prevail on the merits but need only set forth facts which if proven at trial would constitute a viable defense. See Hamby v. Thomas Realty Associates, 617 A.2d 562, 564 (Me. 1992); Coon v. Grenier, 867 F.2d 73, 77 (1st Cir. 1989).

2

The entry shall be:

Plaintiff's motion to set aside the entry of default on the counterclaim is granted. The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: April **27**, 2006

Thomas D. Warren
Justice, Superior Court

3

RK OF COURTS
mberland County
P.O. Box 287
d, Maine 04112-0287

MICHAEL NELSON, ESQ.
PO BOX 4510
PORTLAND, ME 04112

Plaintiff

LERK OF COURTS
Cumberland County
P.O. Box 287
tland, Maine 04112-0287

DANIEL WARREN, ESQ.
243 US ROUTE ONE
SCARBOROUGH, ME 04074

Defendant