STATE OF MAINE                          SUPERIOR COURT
                                         CIVIL ACTION
YORK, ss.                          DOCKET NO. RE-08-099

SEBAGO TECHNICS, INC.,

            Plaintiff

      v.                                  **ORDER**

MAST ROAD PIT, LLC.,

            Defendant

      and

SAVINGS BANK OF MAINE,

            Party-In-Interest

      Plaintiff Sebago Technics, Inc. obtained a default against defendant party-in-interest Savings Bank of Maine and seeks a default against defendant Mast Road Pit, LLC. The defendants contend that there is no legal basis for these defaults and seek to have them set aside. Defendant Mast Road also requests that the court order the parties to engage in alternative dispute resolution.

## BACKGROUND

      Defendant Mast Road Pit, LLC, owns an exhausted gravel pit in Lyman, Maine. Defendant party-in-interest Savings Bank of Maine (SBM), formerly known as Gardiner Savings Institution, FSB, holds one or more mortgages on Mast Road's property. Plaintiff Sebago Technics, Inc., filed its first complaint against the defendants on September 15, 2008. In it, the plaintiff alleged that it performed surveying and engineering services for Mast Road in relation to a planned mobile home park and

residential subdivision on the site of the old gravel pit. These services were performed "for the benefit and improvement of the premises," with the defendants' knowledge and consent, pursuant to verbal contracts and agreements. Sebago Technics last performed work on May 21, 2008, and claims to have billed Mast Road for a total amount of $165,312.63. To date, Mast Road has paid the plaintiff a total of $60,061.04.

Sebago Technics claims that Mast Road owes an outstanding balance of $105,251.59, plus accumulating costs, penalties, and fees. To preserve its lien pursuant to 10 M.R.S. §§ 3251 and 3253, Sebago Technics recorded notice of its claim in the York County Registry of Deeds on June 25, 2008. After Mast Road refused its demand for payment, Sebago Technics filed its initial complaint. Three counts were directed solely at Mast Road: enforcement of the mechanic's lien; recovery for debt based on account; and breach of oral contract. The fourth count, unjust enrichment, was directed at both Mast Road and SBM.

SBM answered the complaint on October 29, 2008. It admitted that it "might claim an interest in the lien premises" through a mortgage and a financing statement, but denied all other allegations. Mast Road answered on November 6, 2008. In its responsive pleading, Mast Road denied owing $105,251.59 to Sebago Technics, denied that it had refused to pay that amount on demand, and denied being unjustly enriched. Mast Road also disputed that Sebago Technics had properly preserved its lien under the statute or had incurred expenses enforcing its rights under a contract.

New counsel filed an appearance for Sebago Technics on May 11, 2009, with a concurrent motion to amend the complaint. An amended complaint was mailed to all parties as an exhibit with the motion. The court granted the motion to amend on February 8, 2010, over the defendants' objections. The new complaint added the following alleged facts: Mast Road Pit, LLC changed its name to Mast Road Estates,

2

LLC on August 8, 2006 (Amended Compl. ¶ 2); Sebago Technics entered into a series of oral contracts with Mast Road on September 1, 2003 (Amended Compl. ¶ 4); Mast Road has title to the subject property pursuant to five specified deeds (Amended Compl. ¶ 4); and SBM holds a second mortgage on the property (Amended Compl. ¶ 5). The amended complaint also added a claim for penalties pursuant to 10 M.R.S. § 1118 and two new counts: breach of implied contract against Mast Road, and quantum meruit against both defendants.

Neither defendant responded to the amended complaint. Sebago Technics applied for a default against SMB on February 8, 2010, and the clerk entered default on February 10, 2010. The plaintiff applied for a default against Mast Road on February 12, 2010, but it was not entered. On February 17, 2010, SBM's counsel filed a letter indicating that he had believed the default was erroneous and intended to oppose it. On February 24, 2010, Mast Road filed a motion opposing the application for and entry of the defaults, and a motion to continue the proceedings and order alternative dispute resolution. Defendant SBM filed a motion to set aside its default on August 6, 2010.

## DISCUSSION

The defendants contend that Sebago Technics failed to serve them with its amended complaint, and that they were not required to answer the amended complaint because it did not raise any new material facts not already denied in the defendants' original answers. Mast Road also complains that Sebago Technics violated the court's scheduling order by failing to initiate ADR and failing to respond to SBM's discovery requests.

Sebago Technics counters that it did serve the defendants with the amended complaint as part of its motion to amend, that the defendants were obligated to respond to the new complaint because it raises new claims for liability, and that neither

3

defendant has shown good cause or excusable neglect justifying their failure to answer. It also contests the need for ADR in light of the defaults and challenges Mast Road's standing to assert SBM's discovery requests. Finally, Sebago Technics challenges SBM's motion to set aside the default as untimely.

The initial question for the court concerns the standard of review applicable to this situation. Sebago Technics argues that these circumstances are governed by M.R. Civ. P. 55(a) and (c), and that the defendants are obliged to show good cause for their failure to answer if they are to avoid default. SBM contends that a different standard applies and directs the court to the case of *Design Build of Maine v. Paul* to support its position. 601 A.2d 1089 (Me. 1992).

In *Design Build*, the plaintiff filed suit in District Court to perfect a mechanics' lien on the defendants' property. *Id.* at 1090. The defendants removed the action to Superior Court and filed a counterclaim, which the plaintiff answered. *Id.* Several months later the defendants moved to amend their counterclaim, and provided the plaintiff with a copy of the proposed amendments as part of their motion. *Id.* The court granted the motion over the plaintiff's objection on October 15, 1990, and copies of the court's order were mailed to each party. *Id.* The amended counterclaim contained two new statutory counts. *Id.* at 1090 n.1. The plaintiff obtained new counsel shortly thereafter. *Id.* at 1090.

Neither of the plaintiff's attorneys filed an answer to the defendants' amended counterclaim. *Id.* The defendants applied for a default against the plaintiff on November 29, 1990, on the ground that it had failed to reply. *Id.* Default was entered on December 3, 1990. *Id.* The plaintiff moved to strike the default, but was denied. *Id.* Final judgment was entered for the defendants on April 29, 1991. *Id.* The plaintiff appealed, arguing

4

that it had never been served with the amended counterclaim and thus had no obligation to answer. *Id.*

Addressing the issue of service, the Law Court noted that the plaintiff had received a copy of the defendants' amended counterclaim with their motion to amend. *Id.* The Court determined that "when a party has been served with a proposed amendment, the amendment filed with and allowed by the court, and the party notified of the court's action, it would be a pointless formality to require an additional service of the amendment on that party." *Id.* at 1090. The plaintiff had been "properly served with, and received adequate notice of, the proposed amendments as required by M.R. Civ. P. 5" under the circumstances. *Id.* at 1091.

While the Court affirmed that the plaintiff had received proper service, it still went on to find that the trial court had erred in denying the plaintiff's motion to set the default aside. *Id.* "Nothing in the rules of civil procedure requires that a [party] file an amended answer in response to an amended complaint in order to preserve the defenses or denials made in an original answer." *Id.* (quoting *Lee v. Colorado Dept. of Health*, 718 P.2d 221, 225 n.4 (Colo. 1986)) (quotations omitted). The plaintiff therefore had no obligation to respond to the four counts in the defendants' amended counterclaim that were also present in their initial complaint. *Id.*

Turning to the amended counterclaim's two new counts, the Court held that M.R. Civ. P. 55's "good cause" analysis was not appropriate to the circumstances. *Id.* The facts did "not reflect either 'an unresponsive party's needless protraction of litigation,' or a case 'fraught with delay . . . caused by a [party],'" making the plaintiff's failure to answer the amended counterclaim more akin to "a failure to comply with rules governing pretrial procedures" than "a failure to respond at all to an initial complaint." *Id.* (quoting *Porges v. Reid*, 423 A.2d 542, 545 (Me. 1980)) (alterations in

5

original). The record demonstrated the plaintiff's "willing engagement in the controversy and [its] unequivocal dispute as to liability," and the defendants had not suffered any adverse consequences due to the plaintiff's failure to answer the amended counterclaim. *Id.* The plaintiff's conduct therefore did "not fall within those 'serious instances of noncompliance with pretrial procedures' for which the entry of default is appropriate." *Id.* (quoting *Green v. Nemat*, 499 A.2d 470, 472 (1985)).

SBM correctly argues that *Design Build* speaks directly to the case at hand. First, like the plaintiff/counterclaim-defendant in *Design Build*, both SBM and Mast Road were served with copies of Sebago Technics' amended complaint as part of its motion to amend, and the defendants received notice of the court's order granting that motion. Sebago Technics was not required to make additional service on the defendants. Second, both SBM and Mast Road filed timely answers to Sebago Technics' initial complaint denying the claims and all material facts giving rise to liability. While Sebago Technics' amended complaint reorders certain facts, it does not add any new material factual allegations. The defendants substantively denied all of the amended complaint's facts in their original answers. Furthermore, the two new counts, breach of implied contract and recovery in quantum meruit, arise from the same operative facts giving rise to the four original counts.

SBM and Mast Road were not required to deny the four counts contained in Sebago Technics' initial complaint for a second time. Default is inappropriate on those claims. Regarding the two new counts and the request for statutory penalties, both SBM and Mast Road already denied all of the factual bases underpinning the claims. Just as in *Design Build*, this is not a case where the parties have been unresponsive or have needlessly protracted the litigation. *Id.* The record clearly demonstrates both defendants' "willing engagement in the controversy and their unequivocal dispute as to

6

liability." *Id.* It is also apparent that the defendants' failure to file amended answers and SBM's delayed motion to strike have not caused Sebago Technics "any substantial inconvenience, detriment or prejudice" to justify a default judgment in its favor. *Id.* (quoting *Wescott v. Allstate Ins. Co.*, 397 A.2d 156, 163 (Me. 1979) (quotations omitted). Sebago Technics request for an entry of default against Mast Road will be denied. Default should not have been entered against SBM, and it does not need to show good cause to have the default lifted.[1]

With the defaults lifted, the way is cleared for the parties to prepare for trial and attempt ADR.

## CONCLUSION

Plaintiff Sebago Technics' request for an entry of default against Mast Road will be denied.  SBM's motion to set aside the default entered against it on February 10, 2010, will be granted.

Dated: ___10/5/10___

G. Arthur Brennan
Justice, Superior Court

ATTORNEYS FOR PLAINTIFF:
ARTHUR CERULLO, ESQ.
ALEXANDER WILSON SAKSEN, ESQ.
DRUMMOND & DRUMMOND
ONE MONUMENT WAY
PORTLAND ME   04101

ATTORNEY FOR DEFENDANT SAVINGS BANK OF MAINE:
MICHAEL S HAENN, ESQ.
LAW OFFICE OF MICHAEL S HAENN
PO BOX 915
BANGOR ME   04402-0915

ATTORNEY FOR DEFENDANT MAST ROAD PIT LLC:
EDWARD DARDIS,
HOWARD & BOWIE
PO BOX 460
DAMARISCOTTA ME   04543-0460

---

[1]    While the court's current order clearly favors Mast Road and SBM, this should not be mistaken for approval of their chosen course. The best practice would have been to file new answers to Sebago Technics' amended complaint. Defendants who fail to answer newly alleged claims do so at their peril.

7