<u>Neptune v. Maine Correctional Center</u>, CV-10-047 (Superior Ct. Cumberland)

By order dated October 26, 2010 the court granted plaintiffs' motion for discovery sanctions against defendant Brad Howard but reserved decision as to the nature of the sanction to be imposed.

The court thereafter understood that plaintiffs wished to have a hearing on the sanction to be imposed, but now understands that the clerk's office has been advised that such a hearing may no longer be necessary.

More recently, the plaintiffs filed a second amended complaint and served Howard with a copy of that complaint. He has not answered the second amended complaint and plaintiffs have requested that a default be entered against Howard for that reason. The problem is that the second amended complaint does not make any new allegations against Howard. Howard filed an answer to the first amended complaint – denying all the allegations against him except for the fact of his criminal convictions. The court is not prepared to default Howard simply because he has not filed an answer to a second amended complaint that names certain new defendants, drops certain defendants previously named, and makes no changes to the allegations against Howard. See <u>Design Build of Maine v. Paul</u>, 601 A.2d 1089, 1091 (Me. 1992).

If sanctions are warranted against Howard for discovery violations, including if appropriate the ultimate sanction of default, a hearing on the imposition of such sanctions is available if plaintiffs still want one.

The entry shall be:

Plaintiffs' request for entry of a default against defendant Brad Howard is denied at this time. The Clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: July _/2_, 2011

Thomas D. Warren
Justice, Superior Court