STATE OF MAINE
CUMBERLAND, ss

BUSINESS AND CONSUMER COURT
Location: Portland
Docket No.: BCD-CV-13-33

*JCN – CUM – 9/20/2013* ✓

E. CHRIS L'HOMMEDIEU and HEATHER )
PERREAULT, Personal Representatives of )
the ESTATE OF EDWARD )
L'HOMMEDIEU, STEPHEN M. MYERS, )
and KIM C. MYERS, )
)
Plaintiffs, )
)
v. )
)
RAM AIRCRAFT, L.P. CESSNA )
AIRCRAFT COMPANY d/b/a )
MCCAULEY PROPELLER SYSTEMS, )
MAINE AVIATION SALES, INC., )
AIRCRAFT MAINTENANCE OF MAINE, )
INC., YANKEE AVIATION SERVICES, )
INC., NEW ENGLAND PROPELLOR )
SERVIC, INC., ENGINE COMPONENTS )
INTERNATIONAL, INC., and CHAMPION )
AEROSPACE, LLC, )
)
Defendants )
)

**DECISION AND ORDER**
(Motion to Set Aside Default/Motion for
Leave to File Late Answer)

This matter is before the Court on Defendant Champion Aerospace LLC's (Defendant Champion) Motion to Set Aside Default and Motion for Leave to File Late Answer.

The record reflects that Plaintiffs served the complaint and summons on Defendant Champion's agent, CT Corporation Systems, on May 3, 2013. When Defendant Champion did not file an answer to the complaint, on June 10, 2013, Plaintiffs requested and obtained a default against Defendant Champion. The clerk also entered default judgment against Defendant Champion. The final default was entered on June 17, 2013. On June 24, 2013, Defendant

1

Champion filed a late answer, a motion for leave to file late answer, and a motion to set aside the default and default judgment.

Discussion

M.R. Civ. P. 55(c) provides that "[f]or good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." "To meet the 'good cause' standard of Rule 55(c) a party must show 'both a good excuse for his untimeliness in pleading ... and the existence of a meritorious defense'". *Hammond v. Thomas Realty Associates,* 617 A.2d 562, 563-64 (Me. 1992) (*citing, Design Build of Maine v. Paul,* 601 A.2d 1089, 1091 (Me. 1992)). In addition, the Court should be mindful of the law's preference for resolving cases on the merits, rather than on a procedural basis. *See, Thomas v. Thompson,* 653 A.2d 417, 420 (Me. 1995); 3 Harvey, *Maine Civil Practice* § 55.7 at 207 (2012-2013).

Preliminarily, given that the clerk is only authorized to enter a default judgment "for a sum certain or for a sum which can by computation be made certain," and given that Plaintiffs' claim cannot is not one for a sum certain, the clerk was not authorized to enter a default judgment. M.R. Civ. P. 55(b)(1). Accordingly, pursuant to M.R. Civ. P. 60(b), the Court will grant Defendant Champion's request for relief from the default judgment and will vacate the judgment.

As mentioned above, in its assessment of Defendant Champion's request to set aside the default, the Court must determine whether Defendant Champion has demonstrated a good excuse for its failure to file an answer to the complaint within 20 days of the service of the complaint and summons, and a meritorious defense to Plaintiffs' claim. Based upon a review of Plaintiffs' complaint, and the affidavit of James Liddle, Defendant Champion's president, the Court

2

concludes that the cause of the airplane crash that is the subject of this case, including Defendant Champion's potential responsibility for the crash, is very much in dispute. The Court is convinced, therefore, that Defendant Champion has a meritorious defense to Plaintiff's claim.

The issue thus becomes whether Defendant Champion has demonstrated a good excuse for its failure to file timely its response to Plaintiffs' complaint. First, the Court notes that after learning of the entry of default through a mailing from the Cumberland County Court, Defendant Champion, through its counsel, promptly filed an answer and the pleadings by which Defendant Champion seeks to remove the default. Defendant Champion's prompt actions suggest that Defendant Champion's failure to file timely an answer was not the product of its disregard for the judicial process.

In addition, the Court is convinced that Defendant Champion's failure to file the answer resulted from a breakdown in the process established by TransDigm, Defendant Champion's parent company, to assure that complaints are managed properly. The breakdown apparently resulted from a combination of factors in TransDigm's office during the time that the complaint was received, which factors include the recent relocation of the office of one of the individuals responsible for handling the complaint, and several other pressing business matters. The fact that Defendant Champion, through its parent company, has an established procedure for handling complaints is further evidence that Defendant Champion did not intend to disregard or disrespect the process. In short, the Court is persuaded that Defendant Champion's failure to file was likely caused by inadvertence rather than an intentional disregard for the court process. Under these circumstances, which include Defendant Champion's prompt efforts upon learning of the default to answer the complaint and to seek removal of the default, the Court concludes that Defendant Champion has demonstrated a good excuse for the failure to file an answer to the complaint. The

3

Court believes that this conclusion is consistent with "the policy of the law to favor, wherever possible, a hearing on the merits ..." *Westcott v. Allstate*, 397 A.2d 156, 163 (Me. 1979). [1]

Conclusion

Based on the foregoing analysis, the Court grants Defendant Champion's Motion to Set Aside Default, and grants Defendant Champion's Motion for Leave to File Late Answer. Accordingly, the Court vacates the judgment against Defendant Champion, sets aside the default entered against Defendant Champion, and allows the filing of the late answer.

Pursuant to M.R. Civ. P. 79(a), the Clerk shall incorporate this Decision and Order into the docket by reference.

Date: 9/20/13

John C. Nivison
Justice, Maine Business & Consumer Court

---

[1] Although perhaps not entirely relevant to the Court's "good cause" analysis, the fact that the case is in its infant stages and involves multiple Defendants further convinces the Court that removal of the default is appropriate.

4

# E. Chris L'Hommedieu et al v. RAM Aircraft, LP et al
# BCD-RE-13-33

| PLAINTIFFS | COUNSEL (NAME AND ADDRESS) |
|---|---|
| Kim C. Myers | Lance E. Walker, Esq. Norman Hanson & DeTroy P.O. Box 4600 Portland, Maine 04112-4600 |
| E. Chris L'Hommedieu | |
| Heather Perreault | |
| E. Chris L'Hommedieu and Heather Perrault as Co-Personal Representatives of the Estate of Edward L'Hommedieu | Philip M. Coffin, III, Esq. Lambert Coffin 477 Congress Street P.O. Box 15215 Portland, Maine 04112-5215 |

| DEFENDANTS | COUNSEL (NAME AND ADDRESS) |
|---|---|
| RAM Aircraft, L.P. | Christopher C. Dinan, Esq. Monaghan Leahy, LLP 95 Exchange Street P.O. Box 7046 Portland, Maine 04112-3906 |
| Cessna Aircraft Company d/b/a McCauley Propeller Services | Martha C. Gaythwaite, Esq. Friedman Gaythwaite Wolf, LLP 25 Pearl Street P.O. Box 4726 Portland, Maine 04112-4726 |
| Maine Aviation Sales, Inc. and Aircraft Maintenance of Maine | Noreen A. Patient, Esq. Eaton Peabody 167 Park Row, P.O. Box 9 Brunswick, Maine 04011 |
| Yankee Aviation Services | James B. Haddow, Esq. Petruccelli Martin & Haddow, LLP Two Monument Sq., Ste. 900 P. O. Box 17555 Portland, Maine 04112-8555 |
| New England Propeller Service, Inc. | Phillip E. Johnson, Esq. Johnson & Webbert, L.L.P. 160 Capitol St., Ste. 3 P.O. Box 79 Augusta, Maine 04332-0079 |
| Engine Components International, Inc. | Daniel R. Mawhinney, Esq. Thompson & Bowie, LLP Three Canal Plaza P.O. Box 4630 Portland, Maine 04112 |
| Champion Aerospace, LLC | John S. Whitman, Esq. Richardson Whitman Large & Badger 465 Congress Street P.O. Box 9545 PORTLAND MAINE 04112-9545 |

STATE OF MAINE
CUMBERLAND, ss

BUSINESS AND CONSUMER COURT
Location: Portland
Docket No.: BCD-CV-13-33,

JCN-cum-9/24/2013

)
E. CHRIS L'HOMMEDIEU and HEATHER )
PERREAULT, Personal Representatives of )
the ESTATE OF EDWARD )
L'HOMMEDIEU, STEPHEN M. MYERS, )
and KIM C. MYERS, )
)
            Plaintiffs, )
)
v. )
)
RAM AIRCRAFT, L.P. CESSNA )
AIRCRAFT COMPANY d/b/a )
MCCAULEY PROPELLER SYSTEMS, )
MAINE AVIATION SALES, INC., )
AIRCRAFT MAINTENANCE OF MAINE, )
INC., YANKEE AVIATION SERVICES, )
INC., NEW ENGLAND PROPELLOR )
SERVIC, INC., ENGINE COMPONENTS )
INTERNATIONAL, INC., and CHAMPION )
AEROSPACE, LLC, )
)
            Defendants )
)

DECISION AND ORDER
(Motion to Dismiss)

Defendant Yankee Aviation Services, Inc. (Yankee) moves to dismiss the complaint of

Plaintiffs Stephen M. Myers, Kim C. Myers, and E. Chris L'Hommedieu and Heather Perreault,

Personal Representatives of the Estate of Edward L'Hommedieu, for lack of personal jurisdiction

pursuant to M.R. Civ. P. 12(b)(2). Through its motion, Yankee asserts that its contacts with the

State of Maine are insufficient to justify the exercise of either general or specific personal

jurisdiction by Maine courts.

1

## FACTUAL BACKGROUND

The following facts are based on the Plaintiffs' complaint and the affidavit submitted by Yankee. *See Dorf v. Complastik Corp.*, 1999 ME 133, ¶¶ 13-14, 735 A.2d 984. This case arises out of a plane crash that occurred on April 10, 2011, when the right engine of a Cessna aircraft (the Aircraft) piloted by Edward L'Hommedieu suffered a loss in power near the Biddeford Municipal Airport. (Compl. ¶¶ 22, 26-27.) The Aircraft rapidly lost velocity and altitude and crashed into the home of Stephen and Kim Myers. (Compl. ¶¶ 28-30.) The crash resulted in the death of Edward L'Hommedieu. (Compl. ¶ 34.) Plaintiffs allege that the right engine of the Aircraft failed because of improperly installed or defective o-rings in that engine. (Compl. ¶¶ 41-42.)

In their complaint, Plaintiffs make no allegations that are specific to Yankee; rather, the complaint consists of general allegations against all of the named Defendants. Plaintiffs' complaint alleges that between 2002 and 2011, the Defendants repaired, maintained, inspected, or replaced parts in the Aircraft's right engine, and at the conclusion of these tasks, certified that the Aircraft was airworthy. (Compl. ¶¶ 45, 47.) Plaintiffs allege that the defect in the o-rings, rendered the Aircraft not airworthy, and that the tasks performed by the Defendants were thus performed improperly, ultimately leading to the engine failure and death of Edward L'Hommedieu. (Compl. ¶¶ 46, 48-49.) The only specific reference to Yankee in the complaint is as follows: "Defendant Yankee Aviation Services, Inc. is a Massachusetts corporation with a primary place of business in Plymouth, Massachusetts. Yankee Aviation Services, Inc. is in the business, *inter alia*, of providing aircraft maintenance, inspection and repair services." (Compl. ¶ 17.)

2

In support of its motion to dismiss, Yankee submitted the affidavit of Peter G. Conner, the president of Yankee.[1] (Conner Aff. ¶¶ 1, 3.) Yankee is a fixed-base operator, providing, among other services, aircraft inspection, repair, and maintenance at the Plymouth Municipal Airport in Plymouth, Massachusetts. (Conner Aff. ¶ 5.) The location in Plymouth is the only location at which Yankee does business. (Conner Aff. ¶ 4.) Between February 10 and June 30, 2004, Yankee performed work on the Aircraft at its Plymouth facility, pursuant to an agreement with the Aircraft's then owner, a Massachusetts limited liability company located in Nantucket, Massachusetts. (Conner Aff. ¶ 11.)

Yankee has never conducted any business in Maine. (Conner Aff. ¶ 9.) Yankee has never owned any property or had any place of business in Maine, has never had any employee or agent in Maine, nor has Yankee advertised in any publication based in or circulated exclusively or primarily in Maine. (Conner Aff. ¶ 6.) Prior to 2004, Yankee advertised intermittently in two print trade publications that circulated throughout the United States, including Maine, but Yankee has not advertised subsequently in any print or online publication. (Conner Aff. ¶ 7.) Beginning around 2004, Yankee has maintained a passive, informational website (www.yankeeaviation.com), which provides information about Yankee and its services. (Conner Aff. ¶ 8.) From at least the beginning of 2004, Yankee has had no clients with Maine addresses and, to the best of Mr. Conner's knowledge, no clients who were Maine residents. (Conner Aff. ¶ 10.) None of the Plaintiffs or the Decedent, Edward L'Hommedieu, was a customer of Yankee. (Conner Aff. ¶ 10.)

## DISCUSSION

---

[1] Since 1985, Conner and his wife Gail A. Conner have been the only two directors, officers, or shareholders of Yankee. (Conner Aff. ¶ 1.)

3

A.    Standard of Review

"Maine's jurisdiction over nonresident defendants is controlled by its long-arm statute," 14 M.R.S. § 704-A (2012), which "is co-extensive with the due process clause of the United States Constitution, U.S. Const. amend. XIV, § 1." *Murphy v. Keenan*, 667 A.2d 591, 593 (Me. 1995). Thus, the Court need only "consider whether due process requirements have been satisfied" in addressing the question of personal jurisdiction. *Suttie v. Sloan Sales, Inc.*, 1998 ME 121, ¶ 4, 711 A.2d 1285.

Personal jurisdiction over a nonresident defendant may be either general or specific; satisfaction of one form of jurisdiction is sufficient to justify the exercise of jurisdiction by Maine Courts. *See Harlow v. Children's Hosp.*, 432 F.3d 50, 57 (1st Cir. 2005). "General jurisdiction broadly subjects the defendant to suit in the forum state's courts in respect to all matters, even those that are unrelated to the defendant's contacts with the forum." *Cossaboon v. Me. Med. Ctr.*, 600 F.3d 25, 31 (1st Cir. 2010). Specific jurisdiction exists when "the cause of action arises directly out of, or relates to, the defendant's forum-based contacts." *Id.* (quotation marks omitted). *See also Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2853-54 (2011) (distinguishing between general and specific jurisdiction).

Regardless of whether general or personal jurisdiction is asserted, the requirements of the due process clause must still be satisfied.

> Due process is satisfied when: (1) Maine has a legitimate interest in the subject matter of the litigation; (2) the defendant, by his or her conduct, reasonably could have anticipated litigation in Maine; and (3) the exercise of jurisdiction by Maine's courts comports with traditional notions of fair play and substantial justice.

*Connelly v. Doucette*, 2006 ME 124, ¶ 7, 909 A.2d 221 (quotation marks omitted). Plaintiffs must satisfy the first two prongs of this test, and then the burden shifts to Yankee to

4

"demonstrate that the exercise of jurisdiction does not comport with traditional notions of fair play and substantial justice." *Bickford v. Onslow Mem'l Hosp. Found., Inc.*, 2004 ME 111, ¶ 10, 855 A.2d 1150.

Because the Court is proceeding on the motion based upon the pleadings and affidavits, Plaintiffs need only make a prima facie showing that jurisdiction exists over Yankee, and the Court construes the facts in Plaintiffs' favor. *See Dorf*, 1999 ME 133, ¶ 14, 735 A.2d 984. Nevertheless, Plaintiffs' showing must be made on specific facts in the record, going "beyond the pleadings and mak[ing] affirmative proof . . . by affidavit or otherwise." *Id.* ¶ 13; *see also Cossaboon*, 600 F.3d at 31 (discussing plaintiff's burden of proof).

B.    Analysis

Yankee concedes that Maine has a legitimate interest in the subject matter of the litigation, but challenges the second and third prongs of the due process test: reasonable anticipation of litigation and fair play and substantial justice. Plaintiffs have the burden of showing that by Yankee's conduct, Yankee could reasonably have anticipated litigation in Maine. *See Bickford*, 2004 ME 111, ¶ 10, 855 A.2d 1150.

"A defendant may reasonably anticipate litigation in a particular forum when there is 'some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" *Connelly*, 2006 ME 124, ¶ 9, 909 A.2d 221 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)). The Court must thus consider Yankee's contacts with Maine and determine whether Yankee "purposefully direct[ed its] activities at Maine residents or creat[ed] continuing obligations between [it] and Maine residents." *Murphy*, 667 A.2d at 594. The Court begins with Plaintiffs' assertion of general jurisdiction, and then addresses specific jurisdiction.

5

1.    *General Jurisdiction*

In support of their claim of general jurisdiction over Yankee, Plaintiffs largely attack the affidavit of Mr. Conner as "self-serving" and generating more questions than it answers. Plaintiffs did not, however, explain how Yankee's contacts with Maine constitute purposeful availment of this forum, nor did they submit any affidavit to counter the facts of Mr. Conner's affidavit.[2] General jurisdiction requires a showing of purposeful, continuous, and systematic contacts between a non-resident defendant and a forum state. *See Goodyear Dunlop*, 131 S. Ct. at 2856. The facts before the Court are that Yankee advertised in national publications circulated in Maine and that Yankee maintained a website that was presumably viewable by Maine residents. (Conner Aff. ¶¶ 7-8.) Since 2004, the year Yankee serviced the Aircraft, Yankee has not had any clients who were Maine residents. (Conner Aff. ¶ 10.) Even construing these facts in Plaintiffs' favor, Plaintiffs have failed to show how Yankee has continuing general contacts with Maine sufficient to justify general jurisdiction over Yankee unrelated to the events of the accident. *See id.*; *Dorf*, 1999 ME 133, ¶ 11, 735 A.2d 984 (stating that the plaintiff must establish that the defendant, through its conduct, could reasonably anticipate litigation in Maine).

2.    *Specific Jurisdiction*

In support of their claim of specific jurisdiction, Plaintiffs assert that the work that Yankee performed on the Aircraft over a four-month period in Massachusetts (Conner Aff. ¶ 11), the inherent mobility of airplanes, and the relative close proximity of Massachusetts and Maine show that Yankee could reasonably have anticipated litigation in Maine regarding the work it performed. Plaintiffs compare the present case to *Mahon v. East Moline Metal Products*, 579

---

[2] Plaintiffs assert, in their memorandum, that since this litigation began, Yankee has deactivated its website. (Opp'n M. Dismiss 5.) Plaintiffs have not, however, submitted an affidavit setting forth the contents of the website or how the website affects the Court's minimum contacts analysis. *See Dorf*, 1999 ME 133, ¶ 13, 735 A.2d 984 (requiring a plaintiff opposing a motion to dismiss for lack of personal jurisdiction to "go beyond the pleadings and make affirmative proof" based "on specific facts set forth in the record" (quotation marks omitted)).

6

A.2d 255 (Me. 1990), where the Law Court concluded that East Moline, an Illinois company with no office or agent in Maine, was nonetheless subject to personal jurisdiction in Maine after a Maine resident was killed in an accident in Maine by a counterweight on a hoist manufactured by the defendant. Plaintiffs assert *Mahon* is instructive because, as in the present case, the *Mahon* defendant only advertised in national publications, had limited contact with Maine, and the accident occurred in Maine.

The Court, however, concludes that *Mahon* is not controlling in the present case. In *Mahon*, the Law Court reasoned that "[b]ecause of the intended purpose for which the hoist was manufactured, East Moline must have anticipated its removal from site to site. In fact, East Moline *was aware of its use in Maine*." *Id.* (emphasis added). The knowledge of the defendant that its product would be used in Maine comports with the concept of purposeful availment. As explained in *World-Wide Volkswagen Corp. v. Woodson*, "[t]he forum State does not exceed its powers under the Due Process Clause if it asserts personal jurisdiction over a corporation that delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in the forum State." 444 U.S. 286, 297-98 (1980). The Law Court found personal jurisdiction over the non-resident defendant in *Mahon* because it was aware its hoist was being used in Maine. 579 A.2d at 256.

In contrast, Plaintiffs have not shown that Yankee had knowledge that the Aircraft would be used in Maine or even travel to Maine. At the time the service was performed, a Massachusetts LLC owned the Aircraft. (Conner Aff. ¶ 11.) Services performed in Massachusetts on a plane owned by a Massachusetts LLC could not provide Yankee with any notice of future suit in Maine regarding those services.

7

Furthermore, the mobility of the Aircraft does not support the exercise of jurisdiction of Maine courts over Yankee. The Supreme Court addressed this same argument in *World-Wide Volkswagen* and rejected the notion that because a motor vehicle is mobile, it is foreseeable that it will cause injury in another forum. *See* 444 U.S. at 295-98. The foreseeability or "likelihood that a product will find its way into [a] forum" is not the focus of the inquiry; the inquiry is on "the defendant's conduct and connection with the forum State . . . such that he could reasonably anticipate being haled into court there." 444 U.S. at 297. Plaintiffs have not shown how Yankee should have known or anticipated the Aircraft would travel into Maine at the time Yankee performed the services in Massachusetts.

Finally, the Court does not find the reasoning of cases involving products in the stream of commerce particularly helpful when the conduct at issue is the performance of services in a single forum. The First Circuit has distinguished between the rendering of services and the sale of goods in interstate commerce, concluding that the alleged tortious rendition of services in one state does not create a "portable tort which can be deemed to have been committed wherever the consequences foreseeably were felt." *Harlow*, 432 F.3d at 63 (quoting *Wright v. Yackley*, 459 F.2d 287, 289-90 (9th Cir. 1972)). Although the First Circuit was addressing the provision of medical care, which is a personal service, the reasoning applies equally to other services rendered within a forum when the effects of those services are felt outside the forum. The appropriate inquiry is to the defendant's conduct and connection to the forum. *See World-Wide Volkswagen*, 444 U.S. at 297.

## CONCLUSION

In sum, the Plaintiffs have failed to satisfy their burden on the second prong of the due process test. Based on the current record, Yankee could not have anticipated litigation in Maine

8

when performing services in Massachusetts. Yankee has insufficient contacts with the state of Maine to justify the exercise of either general or specific jurisdiction.

Accordingly, and based on the foregoing analysis, the Court GRANTS Yankee Aviation Services, Inc.'s motion to dismiss for lack of personal jurisdiction. The motion is granted without prejudice.

Pursuant to M.R. Civ. P. 79(a), the Clerk shall incorporate this Decision and Order into the docket by reference.

Date: 9/23/13

John C. Nivison
Justice, Maine Business & Consumer Court

Entered on the Docket 9·24·13
Copies sent via Mail ___ Electronically ✓

9

# E. Chris L'Hommedieu et al v. RAM Aircraft, LP et al
# BCD-RE-13-33

### PLAINTIFFS

### COUNSEL (NAME AND ADDRESS)

Kim C. Myers

E. Chris L'Hommedieu

Lance E. Walker, Esq.
Norman Hanson & DeTroy
P.O. Box 4600
Portland, Maine  04112-4600

Heather Perreault

E. Chris L'Hommedieu and
Heather Perrault as Co-
Personal Representatives
of the Estate of Edward
L'Hommedieu

Philip M. Coffin, III, Esq.
Lambert Coffin
477 Congress Street
P.O. Box 15215
Portland, Maine  04112-5215

### DEFENDANTS

### COUNSEL (NAME AND ADDRESS)

RAM Aircraft, L.P.

Christopher C. Dinan, Esq.
Monaghan Leahy, LLP
95 Exchange Street
P.O. Box 7046
Portland, Maine  04112-3906

Cessna Aircraft Company
d/b/a McCauley
Propeller Services

Martha C. Gaythwaite, Esq.
Friedman Gaythwaite Wolf, LLP
25 Pearl Street
P.O. Box 4726
Portland, Maine  04112-4726

Maine Aviation Sales,
Inc. and Aircraft
Maintenance of Maine

Noreen A. Patient, Esq.
Eaton Peabody
167 Park Row, P.O. Box 9
Brunswick, Maine  04011

Yankee Aviation Services

James B. Haddow, Esq.
Petruccelli Martin & Haddow, LLP
Two Monument Sq., Ste. 900
P. O. Box 17555
Portland, Maine  04112-8555

New England Propeller
Service, Inc.

Phillip E. Johnson, Esq.
Johnson & Webbert, L.L.P.
160 Capitol St., Ste. 3
P.O. Box 79
Augusta, Maine 04332-0079

Engine Components
International, Inc.

Daniel R. Mawhinney, Esq.
Thompson & Bowie, LLP
Three Canal Plaza
P.O. Box 4630
Portland, Maine  04112

Champion Aerospace, LLC

John S. Whitman, Esq.
Richardson Whitman Large & Badger
465 Congress Street
P.O. Box 9545
*PORTLAND MAINE 04112-9545*