**G. Marcus HAMBY**

v.

**THOMAS REALTY ASSOCIATES d/b/a Lakeshore Motel.**

Supreme Judicial Court of Maine.

Argued Nov. 19, 1992.

Decided Dec. 8, 1992.

Paul F. Macri (orally), Berman & Simmons, Lewiston, for plaintiff.

---

William J. Kelleher (orally), Law Offices of William J. Kelleher, P.A., Augusta, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS and RUDMAN, JJ.

RUDMAN, Justice.

Thomas Realty Associates ("Thomas Realty"), a limited partnership, appeals from an order of the Superior Court (Androscoggin, *Alexander J.*), denying its motion to set aside the entry of a default pursuant to M.R.Civ.P. 55(c), and from the final judgment entered thereon. On appeal, the defendant argues that the Superior Court abused its discretion and applied the wrong legal standard when it denied the motion to set aside the entry of a default. We affirm the judgment of the Superior Court.

Thomas Realty asserts that Thomas Realty's default should be excused because Thomas Realty is a partnership and its general partners, the Fioricas, never received a copy of the complaint and summons, and as soon as they became aware of the pendency of this action, they took immediate steps to protect their interests. Thomas Realty further argues that it has a meritorious defense that Hamby was injured in his own home and was not a guest at Thomas Realty's motel when his injury occurred.

In support of its motion, Thomas Realty presented by way of affidavit the following facts. Thomas and Jennie Fiorica are the general partners of Thomas Realty. The Fioricas employ Russ McClure as the manager of the limited partnership's property, Lakeshore Motel. In February of 1989, the Fioricas received a letter from an attorney notifying them of Hamby's claim that he had been injured on the premises of the Lakeshore Motel. The Fioricas immediately referred the matter to their insurer, Patrons Oxford Mutual Insurance Company. In connection with the investigation of Hamby's claim, a review of the motel records was undertaken and Russ McClure was consulted. This investigation revealed that Marcus Hamby was not a registered guest on January 22, 1989. On January 18,

1992, the Fioricas received notification from the court, by regular mail, that a hearing would take place on January 23, 1992, in connection with Hamby's suit. This was the Fioricas' first personal notification that such a lawsuit had been brought. The Fioricas promptly contacted their insurer. While the Fioricas claim that they never received a copy of the summons and complaint, they concede, as they must, that the record clearly reflects proper service in that copies of the summons and complaint were served on their agent, Russ McClure, on September 27, 1991.

The Superior Court denied the motion to set aside the default; denied Thomas Realty's request for a continuance to permit preparation of the defense to the claim for damages; and ordered judgment for the plaintiff. The defendant filed this timely appeal.

### *Rule 55(c) Motion*

This case requires us to decide whether the Superior Court abused its discretion by denying Thomas Realty's motion to set aside the entry of a default. We find no such abuse and accordingly affirm.

"A motion to set aside an entry of default, as well as the default judgment resulting therefrom, is addressed to the discretion of the presiding justice, and the ruling thereon is reviewable only for an abuse of discretion." *Porges v. Reid*, 423 A.2d 542, 544 (Me.1980) (citations omitted). We give "considerable deference to the presiding justice's decision on such a motion because of his familiarity with the case and his superior position to evaluate the credibility and good faith of the parties who appeared before him." (*Id.*).

Maine Rule of Civil Procedure 55(c) provides that "[f]or *good cause* shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." (emphasis added) To meet the "good cause" standard of Rule 55(c) a party generally must show "both a good excuse for his untimeliness in pleading ... and the existence of a *meritorious*

defense." *Design Build of Maine v. Paul*, 601 A.2d 1089, 1091 (Me.1992). We have held that for purposes of the "meritorious defense component the moving party's version of the facts and circumstances supporting his defense is deemed to be true." *Hart v. Terry L. Hopkins, Inc.*, 588 A.2d 1187, 1190 (Me.1991). Thus, at the time the Superior Court considered defendant's motion it had before it facts which established a meritorious defense.

The moving party also must establish "good cause", *see* M.R.Civ.P. 55(c), or "good excuse", *see Design Build of Maine*, 601 A.2d at 1091, for their untimeliness in pleading. Thomas Realty failed to do so. At best, Thomas Realty's implicit excuse for its failure to plead is that due to the negligence of its agent the general partners never received notice of the law suit.

Thomas Realty, in an attempt to avoid the deleterious consequences of its failure to show good cause, argues that the Superior Court applied the wrong legal standard to Thomas Realty's Rule 55(c) motion. In making this argument, Thomas Realty relies on the hearing transcript wherein the Superior Court noted that "there's no excusable neglect for this matter not being properly transmitted to the defendant and counsel in the beginning of the case for interposing a defense." Thomas Realty argues that the application of the Rule 60(b) "excusable neglect" standard instead of the Rule 55(c) "good cause" standard requires that the default be set aside and the case remanded to the Superior Court for reconsideration of defendant's motion. We disagree. While we recognize, as Thomas Realty urges, that the Rule 55(c) "good cause" standard is less stringent than the Rule 60(b) "excusable neglect" standard that implicates the rule favoring finality of judgments, Thomas Realty's assertion that due to the negligence of its agent the general partners never received the complaint does not rise to the level of good cause. *See Firth v. City of Rockland*, 580 A.2d 694, 696 (Me.1990). The application of the "excusable neglect" standard to Thomas Realty's Rule 55(c) motion, if that is in fact the standard that was applied, was harmless. *See* M.R.Civ.P. 61.

The entry is:

Judgment affirmed.

All concurring.