STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-03-257

G1B - YOR - 4/24 2004

ROBERT VEINO,

      Plaintiff

      v.

**ORDER**

MARY MAKOS d/b/a
CHARISMA UNISEX HAIR DESIGN

and

WONDERBAR RESTAURANT, INC.,

      Defendants

DONALD L. GARBRECHT
LAW LIBRARY

MAY 25 2004

Before this court is Defendant, Wonderbar Restaurant, Inc.'s ("Wonderbar") Motion to Set Aside Default and Motion for Leave to File Late Answer. For reasons sated below, the Motion is Granted.

## FACTS

On October 28, 2003, Plaintiff, Robert Veino ("Veino") filed his Complaint in the York County Superior Court. Prior to this, on October 6, 2003, Plaintiff Veino served Defendant Wonderbar's agent, for service, an attorney. Defendant Wonderbar, however, did not file an Answer in this matter. Accordingly, on December 22, 2003, Plaintiff Veino filed a Motion for Default Judgment against Defendant Wonderbar, which was granted and entered by the clerk on December 23, 2003. Subsequently, on January 5, 2004, Defendant Wonderbar filed its answer. In addition, Defendant Wonderbar made a Motion for Leave to File Late Answer and to Set Aside Default.

## DISCUSSION

Rule 55(c) provides that "for good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." "To meet the good cause standard of Rule 55(c) a party generally must show both a good excuse for his untimeliness in pleading . . . and the existence of a meritorious defense." Hamby v. Thomas Realty Associates, 617 A.2d 562, 563-64 (Me. 1992) (internal quotations omitted) (citing Design Build of Maine v. Paul, 601 A.2d 1089, 1091 (Me. 1992)). The Law Court has held that the "meritorious defense component the moving party's version of the facts and circumstances supporting his defense is deemed true." Hart v. Terry L. Hopkins, Inc., 588 A.2d 1187, 1190 (Me. 1991). Moreover, the Law Court has held that the "Rule 55(c) good cause standard is less stringent than the Rule 60(b) excusable neglect standard that implicates the rule favoring finality of judgments . . ." Hamby, 617 A.2d at 564 (citation and internal quotations omitted.)

First, Defendant Wonderbar must establish "good cause" for its untimeliness in pleading. Here, Defendant Wonderbar asserts that "[a]t some point late in 2003, Attorney Ingraham's office called me. I understood from our conversation that someone was going to sue the restaurant, but I did not receive any suit papers. I did not understand that any lawsuit had already been started. If I had, I would have sent the papers to Paquin & Carroll Insurance Agency." (Aff. of Vincent Keely at ¶ 14.) Even though a similar excuse has been found to be faulty in other settings, this court finds that it rises to the level good cause in this case. Hamby, 617 A.2d at 564 (holding Defendant Thomas Realty's excuse that its general partners never received notice because of its agent's negligence, did not rise to the level of good cause.)

2

In this case, Defendant Wonderbar's delay in answering the Complaint has not prejudiced Plaintiff Veino, because the only action taken in this lawsuit thus far is the initiation of discovery by Defendant, Mary Makos. This coupled with the preference to try cases on the merits leads this court to conclude that Defendant Wonderbar has established good cause for its failure to answer Plaintiff Veino's Complaint. Wood v. Bachelder, CV-93-269 (Me. Super. Ct., Ken. Cty., Nov. 10, 1993) (Crowley, J.) (holding that "[a]lthough compliance with the rules is of great importance, the punitive value of imposing a default is frequently subordinated to the preference for a trial on the merits.") (citation omitted.)

In regard to the second prong of the test, Defendant Wonderbar asserts that Plaintiff Veino cannot establish that he fell on its property. (Defendant Wonderbar's Motion to Set Aside Default at 2.) In addition, Defendant Wonderbar argues that it can prove that it exercises reasonable care to keep its property and adjacent sidewalks safe. Id. Taking these facts as true, this court finds that Defendant Wonderbar has a meritorious defense to Plaintiff Veino's claims. See Denman v. Peoples Heritage Bank, Inc., 1998 ME 12, ¶¶ 6-7, 704 A.2d 411, 414 (holding that a property owner is not liable for injuries to a third party caused by falling on ice and snow on a public sidewalk adjacent to the property owner's property.)

WHEREFORE, this court **GRANTS** Defendant Wonderbar's Motion for Leave to File Late Answer and Motion to Set Aside Default and Defendant Wonderbar is ordered to pay Plaintiff $500.00 within 30 days as a sanction to defray the costs associated with opposing this motion.

Dated: April 14, 2004

G. Arthur Brennan
Justice, Superior Court

Peter Clifford, Esq. - PL
Elizabeth G. Stouder, Esq. - DEF. WONDERBAR RESTAURANT, INC.
Nancy Macirowski, Esq. - DEF. MARY MAKOS d/b/a CHARISMA UNISEX HAIR DESIGN

3