STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss.                                   CIVIL ACTION
                                                  Docket No. CV-06-690

739 WARREN AVENUE LLC,

        Plaintiffs,

    v.                            RECEIVED    ORDER

DFC OF MAINE INC., et al.,

        Defendants.

Before the court is defendant DFC of Maine Inc.'s motion to set aside a default entered against it on March 6, 2007.

The file reflects that on January 23, 2007 a summons was served on DFC by serving Ron Goddard, who was designated as an individual authorized to receive service. Ron Goddard is also named as a defendant in his individual capacity and was served in his individual capacity on the same date. In his individual capacity Goddard served and filed an answer to the complaint after obtaining a short extension from counsel for plaintiff. No default has been sought or entered against Goddard.

DFC did not file a timely answer. On February 21, 2007 plaintiff filed a request for entry of a default against DFC.

On February 28, 2007 DFC filed an answer and counterclaim. Plaintiff's request for an entry of default against DFC was still pending at that time.

On March 6, 2007 the clerk entered a default against DFC. This default should not have been entered because by that time DFC had appeared and answered.[1]

---

[1] The appropriate procedure, if the clerk had realized that DFC had answered, would have been to decline to enter the default. Plaintiff could then have moved to strike DFC's answer as untimely and if that motion had been granted, a default could then have been entered.

On March 14, 2007 DFC filed a motion to set aside the default. This was styled as a motion to vacate default judgment although no default judgment had been entered. A second copy of DFC's motion to set aside the default was filed on March 20, 2007. Plaintiff thereafter opposed the motion. On April 17, 2007 DFC filed a motion for leave to file an amended motion to set aside the default, along with its proposed amended motion and a reply memorandum.

The court concludes that the entry of default against DFC should be set aside for two reasons. First, as noted above, DFC had already answered before the default was entered. Second, even if that were not true, DFC has sufficiently demonstrated both good cause for the default and a sufficiently meritorious defense for purposes of Rule 55(c). On the issue of a meritorious defense, the version of the facts offered by the party seeking to set aside the default is deemed to be true. Hamby v. Thomas Realty Associates, 617 A.2d 562, 564 (Me. 1992). Moreover, a meritorious defense may be presented in a proposed pleading accompanying the motion to set aside the default. Hart v. Terry L. Hopkins, Inc., 588 A.2d 1187, 1190 (Me. 1998). In this case the answer filed by DFC before the default was entered is sufficient to establish a meritorious defense for purposes of Rule 55(c).

On the issue of whether DFC has demonstrated good cause under Rule 55(c), it bears emphasis that good cause is a less stringent standard than excusable neglect. Plaintiff argues that DFC's original motion to set aside the default was not accompanied by any affidavit or other evidence to substantiate the assertions in DFC's motion – specifically that Goddard had not realized he was being served on behalf of DFC as well as personally. That has been remedied in DFC's amended motion to set aside the default.

2

The court will consider the amended motion and the Goddard affidavit for two reasons. First, plaintiff has not filed any opposition to DFC's motion for leave to amend its motion. Second, on any motion to set aside a default, the court should be guided by the principle that there is a strong preference for deciding cases on the merits. See Thomas v. Thompson, 653 A.2d 417, 419 (Me. 1995); Millet v. Dumais, 365 A.2d 1038, 1040 (Me. 1976), quoting Field McKusick & Wroth, Maine Civil Practice § 55.4 at 21-22 ("substantial rights should not be determined by default if that procedure can reasonably be avoided and no substantial prejudice has resulted").

The court determines that DFC's excuse – that Goddard overlooked the summons and complaint served on behalf of the corporation because it was identical to the copy served on him in his individual capacity, because Goddard had never before been served on behalf of DFC, and because he thought DFC would be separately served – constitutes good cause for purposes of Rule 55(c). This is particularly true where Goddard was diligent in obtaining counsel to represent himself, where DFC was only 16 days late in filing its answer, where DFC promptly moved to set aside the default, where DFC's defenses are virtually identical to those previously raised by Goddard, and where plaintiff has demonstrated no prejudice from the 16 day delay.

Plaintiff likens this case to Hamby v. Thomas Realty Associates, 617 A.2d 562, but in that case, an agent for the defendant was served in September of 1991, a default was thereafter entered, and the defendant did not seek to set aside that default until after a default hearing had been scheduled four months later. In contrast, motions to set aside defaults have been granted where no "gross neglect" has been shown and where the opposing party has not been substantially prejudiced by the delay. Thomas v. Thompson, 653 A.2d at 420. This case falls into that category.

The entry shall be:

3

Defendant DFC of Maine Inc.'s motion to set aside the entry of default is granted. The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).


DATE:     July 12, 2007

_____
Thomas D. Warren
Justice, Superior Court

WARREN TURNER ESQ
PO BOX 255
YARMOUTH ME 04096

_P1

JEFF FOURNIER
547 BALD MOUNTAIN ROAD
DEDHAM ME 04429

_Pro Se

RICK WINLING ESQ
PO BOX 635
KENNEBUNK ME 04043

_Goddard J.
&
DFC of Maine