STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss.                                   CIVIL ACTION
                                                  Docket No. CV-13-136

ANDREA COLON,

        Plaintiff

v.                                                ORDER

STATE OF MAINE
Cumberland, ss. Clerk's Office

JUN 10 2013

RECEIVED

ANTHONY SINENI III, ESQ., et al,

        Defendant

Before the court is plaintiff's motion to strike the answer filed by defendants.

Defendants were served on March 11, 2013. At that time discussions were ongoing with respect to settlement, and the complaint had not been filed. The record before the court on the motion to strike indicates that plaintiff filed the complaint on April 1, 2013 (the date the answer was due) and sent a motion dated April 12, 2013 seeking the entry of a default. That motion was received by the court on April 16, 2013, the same day that an answer was filed on behalf of defendants.

Plaintiff has not disputed defendants' showing that before the complaint was filed and after it had been served, the parties were exploring settlement, that on April 1, 2013 defendants' insurance adjuster had called plaintiffs' counsel and left a message relating to a further offer, and that the adjuster did not hear back until plaintiffs' counsel emailed on April 12 that he would be seeking a default. April 12 was the Friday before the Patriots Day holiday, and defendants filed their answer on April 16, the next business day.

On a motion pursuant to Rule 55(c) the moving party must show a good excuse for the untimeliness in pleading and the existence of a meritorious defense. E.g.,

Thomas v. Thompson, 653 A.2d 417, 419-20 (Me. 1995). Courts have also looked to whether the opposing party has been prejudiced by the delay. It bears emphasis that the standard under Rule 55(c) is less stringent than the "excusable neglect" standard that would have to be met to set aside a default judgment under Rule 60(b)(1). See 653 A.2d at 420 n. 2.

In this case, if a default had been entered, defendants would be entitled on this record to have the default set aside under Rule 55(c). They have demonstrated a good excuse for their untimeliness in pleading and their answer, which contains various affirmative defenses, is sufficient to demonstrate the existence of potentially meritorious defenses for purposes of Rule 55(c). See Hamby v. Thomas Realty Associates, 617 A.2d 562, 564 (Me. 1992); Hart v. Terry L. Hopkins Inc., 588 A.2d 1187, 1190 (Me. 1991). Moreover, plaintiff has not demonstrated any prejudice that resulted from the two week delay in the filing of the answer.

Finally, where defendants have now answered and are fully ready to contest the litigation, striking the answer and entering a default would also be inconsistent with the strong preference in Maine law for deciding cases on their merits. Thomas v. Thompson, 653 A.2d at 420.

The entry shall be:

Plaintiff's motion to strike is denied. The Clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: June _10_, 2013

_____
Thomas D. Warren
Justice, Superior Court

2

------------------------------------------------------------------------

01 0000000185          BOWIE, JAMES M
     THREE CANAL PLAZA PO BOX 4630 PORTLAND ME 04112-4630

| | | | | |
|---|---|---|---|---|
| F | ANTHONY SINENI III ESQ | DEF | RTND | 04/16/2013 |
| F | LAW OFFICES OF ANTHONY J SINENI III ESQ | DEF | RTND | 04/16/2013 |

02 0000007472          GOODMAN, JOSEPH L
     537 CONGRESS STREET PO BOX 7523 PORTLAND ME 04112

| | | | | |
|---|---|---|---|---|
| F | ANDREA COLON | PL | RTND | 04/01/2013 |