STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss                                    CIVIL ACTION
                                                  DOCKET NO. CV-16-0418

ASHLEY SUMMERS,

        Plaintiff

v.                                                ORDER ON MOTION TO DISMISS
                                                  STATE OF MAINE
                                                  Cumberland, ss Clerk's Office

WALTER KIDDE PORTABLE
EQUIPMENT, INC.,
et al.,                                           JUN 19 2017
                                                  S: 61 am
        Defendants                                RECEIVED

Before the court is defendant Walter Kidde Portable Equipment, Inc.'s motion to dismiss plaintiff Ashley Summers's second amended complaint for failure to state a claim. M.R. Civ. P. 12(b)(6). For the following reasons, the motion to dismiss is denied.

FACTS

On March 8, 2017, the court granted plaintiff's motion to amend her complaint.[1] Summers v. Walter Kidde Portable, No. CV-16-0418, 2017 Me. Super. LEXIS 53, *1-8 (Mar. 8, 2017). Plaintiff filed her second amended complaint on March 22, 2017. The second amended complaint corrects the name of defendant Walter Kidde, but it did not change the substance of the first amended complaint.

Defendant Walter Kidde filed a motion to dismiss the second amended complaint on March 31, 2017. Plaintiff filed her opposition to the motion on April 20, 2017. Defendant Walter Kidde

---

[1] The court also denied defendant Walter Kidde's motion to dismiss the first amended complaint, but granted the alternative motion to set aside entry of default.

1

filed its reply on April 27, 2017. Defendant Walter Kidde contends plaintiff failed to plead (1) the proximate cause element of her strict liability and negligence claims and (2) the privity element of her breach of an implied warranty of merchantability claim.

DISCUSSION

1. Motion to Dismiss

On a motion to dismiss for failure to state a claim, the court accepts "the facts alleged in the complaint as if they were admitted." Ramsey v. Baxter Title Co., 2012 ME 113, ¶ 2, 54 A.3d 710. It considers the complaint "in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." Johnston v. Me. Energy Recovery Co., 2010 ME 52, ¶ 10, 997 A.2d 741. "The notice pleading standard, see M.R. Civ. P. 8(a), requires only that the complaint 'give fair notice of the cause of action by providing a short and plain statement of the claim showing that the pleader is entitled to relief, and then make a demand for that relief.'" Nadeau v. Frydrych, 2014 ME 154, ¶ 5, 108 A.3d 1254 (quoting Howe v. MMG Ins. Co., 2014 ME 78, ¶ 9, 95 A.3d 79).

a. Proximate Cause

Proximate cause is an element of plaintiff's claims for strict liability and negligence. Marois v. Paper Converting Mach. Co., 539 A.2d 621, 623 (Me. 1988) (discussing the overlap in negligence and strict liability elements). "The question of whether a defendant's acts or omissions were the proximate cause of a plaintiff's injuries is generally a question of fact, and a judgment as a matter of law is improper if any reasonable view of the evidence could sustain a finding of proximate cause." Houde v. Millett, 2001 ME 183, ¶ 11, 787 A.2d 757. Plaintiff, in her second amended complaint, sufficiently alleges the element of proximate cause to survive the motion to

2

dismiss. (Pl.'s 2nd Am. Compl. ¶¶ 1, 8, 12, 16, 17, 18, 38, 45, 54-55, 59, 64, 68.)

  b.  Purchaser of Goods

"[P]resent warranty actions partake of both tort and contract law." Simmons, Zillman, & Gregory, Maine Tort Law § 12.17 at 349 (1999 ed.). The Legislature amended the Maine Uniform Commercial Code ("UCC") to abrogate the requirement of contractual privity between plaintiff and defendant in warranty claims and replaced it with the tort-based foreseeability requirement.[2] See Ouellette v. Sturm, Ruger & Co., 466 A.2d 478, 482-83 (Me. 1983) (holding "that the non-contractual liability resulting from the elimination of privity and premised upon a status measured by reasonable foreseeability sounds in tort rather than in contract . . . ."). Section 2-318 of the UCC reads as follows:

> Lack of privity between plaintiff and defendant shall be no defense in any action brought against the manufacturer, seller or supplier of goods for breach of warranty, express or implied, although the plaintiff did not purchase the goods from the defendant, if the plaintiff was a person whom the manufacturer, seller or supplier might reasonably have expected to use, consume or be affected by the goods.

11 M.R.S. § 2-318 (2016). Thus, the decedent need not have purchased a good from defendant Walter Kidde in order for plaintiff to bring a claim for breach of an implied warranty. Stanley v. Schiavi Mobile Homes, Inc., 462 A.2d 1144, 1147 n.4 (Me. 1983).

CONCLUSION

Plaintiff Summers has sufficiently pleaded her claims against defendant Walter Kidde to

---

[2] Defendant Walter Kidde cites Valley v. Branch River Plastics in support of its argument that decedent must be a purchaser of the good for plaintiff to have a remedy against it under an implied warranty claim. No. BCD-CV-13-15, 2014 Me. Super. LEXIS 276, *35-36 (Nov. 5, 2014). Valley is distinguishable from this case for two reasons. First, the case involved defective roofing products that had to be replaced, not bodily injury. Id. at *9. Second, the provision cited in Valley, section 2-714, addresses damages for the difference in value between goods as warranted and as received by the purchaser. 11 M.R.S. § 2-714 (2016). Sections 2-714 and 2-715, cited in Valley, define the remedies for buyers and do not limit remedies for breach of warranties to buyers. To read otherwise would create an unnecessary contradiction between sections 2-714 and 2-715 and section 2-318.

withstand the M.R. Civ. P. 12(b)(6) motion to dismiss.

The entry is

> Defendant Walter Kidde Portable Equipment, Inc.'s Motion to Dismiss is DENIED.

Date:  June 16, 2017

Nancy Mills
Justice, Superior Court

CUMB CV-16-0418

4

## PORSC-CV-2016-00418 | ASHLEY SUMMERS VS WALTER KIDDE PORTABLE INC

  

e Search   Open Financials   Print Docket   Reports/Forms

Filter attorneys for party:   - All Parties -

| Attorney | Party | Representation Type | Representation Date |
|----------|-------|---------------------|---------------------|
| Campbell, James | Walter Kidde Portable I... | Retained | 12/22/2016 |
| Campbell, John | Ashley Summers - 1 Pla... | Retained | 10/28/2016 |
| Weyrens, David | Ashley Summers - 1 Pla... | Retained | 10/28/2016 |
| Hallett, Thomas | Ashley Summers - 1 Pla... | Retained | 10/28/2016 |

STATE OF MAINE                                  SUPERIOR COURT
CUMBERLAND, ss                                  CIVIL ACTION
                                                DOCKET NO. CV-16-418

ASHLEY SUMMERS,                  STATE OF MAINE
                           Cumberland, ss, Clerk's Office
        Plaintiff                 MAR 09 2017

v.                              RECEIVED         ORDER ON MOTIONS

WALTER KIDDE PORTABLE,
INC., et al.,

        Defendants

Before the court are (1) defendant Walter Kidde Portable Equipment, Inc.'s motion to dismiss or, in the alternative, to set aside an entry of default and (2) plaintiff Ashley Summers's motion to amend her complaint. For the following reasons, defendant Walter Kidde's motion to dismiss is denied, its motion to set aside the entry of default is granted, and plaintiff's motion to amend her complaint is granted.

FACTS

Plaintiff filed a complaint on October 28, 2016 and an amended complaint on November 10, 2016. In the amended complaint, plaintiff alleges that defendants manufactured defective smoke alarms, which contributed to the death of plaintiff's husband as a result of a fire at an apartment building in Portland. (Pl.'s Am. Compl. ¶¶ 1-47.) Plaintiff has brought claims of: count I, wrongful death, strict liability; count II, wrongful death, negligence; count III, breach of implied warranty of merchantability and fitness for a particular purpose; count IV, survival action, conscious pain and suffering of decedent; and count V, wrongful death, punitive damages, strict liability.

The amended complaint named as defendants "Walter Kidde Portable, Inc." and "Schneider Electric, formerly Invensys Controls." On November 15, 2016, the amended

1

complaint was served on CT Corporation Systems (CT), defendant Walter Kidde's registered agent. (Hickman Aff. ¶¶ 3-4.) Although CT determined that it does not serve as a registered agent for "Walter Kidde Portable, Inc.," it failed to send a notice to plaintiff's counsel advising him that service was rejected, in violation of CT's procedure. (Id. ¶¶ 6-7.) CT did not forward service to defendant Walter Kidde or its parent company. (Id. ¶ 8.)

The amended complaint also was served on CT as registered agent for defendant Invensys Controls. (Corrected Hallett Aff. ¶ 1.) Neither defendant filed an answer. Plaintiff filed motions for an entry of default against both defendants on December 14, 2016, and corrected motions as to both defendants on December 16, 2016. The clerk entered default against both defendants on December 16, 2016. On December 19, 2016, defendant Walter Kidde received plaintiff's corrected motion for an entry of default and the court's scheduling order. (Valentine Aff. ¶ 5.)

On December 22, 2016, defendant Walter Kidde filed a motion to dismiss or, in the alternative, to set aside the entry of default and for leave to file a responsive pleading. Plaintiff filed a motion to amend her complaint on December 29, 2016. Defendants have not opposed plaintiff's motion. Plaintiff opposed defendant Walter Kidde's motion on January 11, 2017. Defendant Walter Kidde filed a reply on January 18, 2017.

DISCUSSION

1. Motion to Dismiss

In cases where the court has dismissed a complaint for insufficient service of process, the plaintiff had failed to follow the proper procedure for effecting service. See, e.g., Brown v. Thaler, 2005 ME 75, ¶ 6, 880 A.2d 1113; Uotinen v. Hall, 636 A.2d 991, 992 (Me. 1994). In contrast, plaintiff properly served the summons and complaint on defendant Walter Kidde's

registered agent. See M.R. Civ. P. 4(d)(1). Plaintiff's mistake in misnaming defendant Walter Kidde "is not fatal to the complaint and does not require dismissal." Jackson v. Borkowski, 627 A.2d 1010, 1014 (Me. 1993); see also Clark v. Me. Dep't of Corr., 463 A.2d 762, 766 (Me. 1983) ("Because this is a case involving the misnaming of the party defendant rather than joining the wrong party defendant, we do not think that dismissal of the complaint is required."). As a result, defendant Walter Kidde is not entitled to a dismissal.

2. Motion to Set Aside Entry of Default

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." M.R. Civ. P. 55(a). The court may set aside an entry of default for good cause. M.R. Civ. P. 55(c). "Good cause requires a good excuse for untimeliness and a meritorious defense." Estate of Gordan, 2004 ME 23, ¶ 19, 842 A.2d 1270. The "good cause" standard for setting aside an entry of default is less stringent than the "excusable neglect" standard for setting aside a default judgment. Hamby v. Thomas Realty Assocs., 617 A.2d 562, 564 (Me. 1992).

a. Good Excuse

In L'Hommedieu v. Ram Aircraft, L.P., the court set aside an entry of default where the defendant's failure to file an answer was the result of a "breakdown" in defendant's parent company's procedure for managing complaints. No. BCD-CV-13-33, 2013 Me. Super. LEXIS 228, at *5 (Sept. 20, 2013). The fact that defendant had an established procedure for handling complaints, and that it responded promptly after learning of the default, demonstrated that defendant's untimeliness was "likely caused by inadvertence rather than an intentional disregard for the court process." Id. Similarly, defendant Walter Kidde's registered agent and parent

3

company have an established procedure for handling complaints, and defendant Walter Kidde filed its motion to set aside the entry of default three days after receiving plaintiff's corrected motion. (See Hickman Aff. ¶¶ 5, 7; Valentine Aff. ¶¶ 4-5.)

Plaintiff cites several Law Court cases that appear to support her position that an agent's negligence does not qualify as a good excuse. See Hamby, 617 A.2d at 564 ("Thomas Realty's assertion that due to the negligence of its agent the general partners never received the complaint does not rise to the level of good cause."); Levine v. KeyBank Nat'l Ass'n, 2004 ME 131, ¶ 18, 861 A.2d 678 (summons lost in defendant's fax and internal mail system). In those cases, however, the moving party offered no reasonable explanation for the agent's negligence. See Hamby, 617 A.2d at 563 (stating only that agent was properly served); Levine, 2004 ME 131, ¶ 21, 861 A.2d 678 ("KeyBank offers no reasonable explanation for the lost fax, the lost internal mail, or any other failures of the judgment processing system.").

Although CT was negligent in failing to send a rejection letter to plaintiff's counsel, the inadvertent misnaming of defendant Walter Kidde contributed to the "breakdown" in effecting proper service. Further, in deciding motions to set aside an entry of default, the court must be mindful of the "strong preference in our law for deciding cases on the merits." Thomas v. Thompson, 653 A.2d 417, 420 (Me. 1995). Defendant Walter Kidde has demonstrated a good excuse for its untimeliness.

b. Meritorious Defense

Defendant Walter Kidde argues: (1) defendant Walter Kidde had no knowledge its products were in the building and the smoke alarms in the apartment building may not have been manufactured by defendant Walter Kidde; (2) ionization smoke alarms, the type allegedly used in the apartment building, comply with the performance standard mandated by the National Fire

4

Protection Association; and (3) no proximate cause exists because the smoke alarms had been disabled. (Def.'s Reply 3-4.) If true, these arguments represent meritorious defenses to plaintiff's claim that defendant Walter Kidde manufactured defective alarms, which contributed to the death of her husband. See Hamby, 617 A.2d at 564 ("[F]or purposes of the meritorious defense component the moving party's version of the facts and circumstances supporting his defense is deemed to be true.") (citation omitted).

### 3. Motion to Amend Complaint

After a responsive pleading[1] has been served, a party may amend its pleading only by leave of court, which shall be freely given when justice so requires, or by written consent of the adverse party. M.R. Civ. P. 15(a). "If the moving party is not acting in bad faith or for delay, the motion will be granted in the absence of undue prejudice to the opponent." Holden v. Weinschenk, 1998 ME 185, ¶ 6, 715 A.2d 915 (citation omitted). There is no evidence on this record that plaintiff has acted in bad faith or for delay. The amendment will correct the inadvertent omission of one word in defendant Walter Kidde's name. Further, the amendment will not prejudice defendants because defendant Invensys Controls has not appeared and defendant Walter Kidde has not yet filed an answer.

CONCLUSION

Plaintiff's mistake in misnaming defendant Walter Kidde does not require dismissal of her complaint. Defendant Walter Kidde has provided a good excuse for its untimeliness and a

---

[1] It is unclear whether defendant Walter Kidde's motion to dismiss or, in the alternative, to set aside the entry of default qualifies as a responsive pleading. See 2 Harvey & Merritt, Maine Civil Practice § 15:2 at 484 (3d, 2016-2017 ed.) ("The 'responsive pleading' referred to in Rule 15(a) does not include a motion to dismiss for failure to state a claim upon which relief can be granted."); (Def.'s Mot. Dismiss/Set Aside Entry of Default 4) (arguing dismissal is warranted for insufficiency of service of process). The result is the same regardless of whether plaintiff is required to seek leave to amend, which she has done, or is allowed to amend her complaint as a matter of course.

5

meritorious defense to plaintiff's claims. Plaintiff's amendment of one word in her complaint is

not done in bad faith or for delay.

The entry is

Defendant Walter Kidde's Motion to Dismiss is DENIED.

Defendant Walter Kidde's Motion to Set Aside Entry of Default is GRANTED.

Plaintiff's Motion to Amend Complaint is GRANTED.  M.R. Civ. P. 15(a) & (c)(2)-(3).

Date:  March 8, 2017

Nancy Mills
Justice, Superior Court

6

RK OF COURTS
iberland County
ry Street, Ground Floor
land, ME 04101

THOMAS HALLETT ESQ
DAVID WEYRENS ESQ
HALLETT ZERILLO & WHIPPLE
PO BOX 7508
PORTLAND ME 04112

ERK OF COURTS
umberland County
bury Street, Ground Floor
ortland, ME 04101

JOHN CAMPBELL ESQ
CAMPBELL & ASSOCIATIES
60 MABEL ST
PORTLAND ME 04103

JAMES CAMBPELL ESQ
CAMBPELL CAMPBELL EDWARDS & CONROY
ONE CONSTITUTION CENTER
THIRD FLOOR
BOSTON MA 02129