STATE OF MAINE  
YORK, ss.

SUPERIOR COURT  
Civil Action  
Docket No. AP-18-0007

STEVEN A. FITZGERALD,

Plaintiff-Appellee,

v.

ORDER DENYING APPEAL

MICHAEL DONATELLI, d/b/a  
LAZY GULL COTTAGES,

Defendant-Appellant

Michael Donatelli, d/b/a Lazy Gull Cottages appeals from a December 4, 2017 order of the District Court denying his Rule 60(b) motion for relief from a default judgment entered against him in this small claims action. For the following reasons, the appeal is denied.

## Background

Stephen Fitzgerald filed a small claims action against Donatelli in December 2016 seeking to recover damages arising out of the following incident. The statement of claim alleged that in late November 2016 Fitzgerald rented a cottage in Old Orchard Beach for two months from Donatelli; that he paid Donatelli $1,979.50 in rent; that Donatelli represented a previous problem with skunks had been remedied; and, in fact, the problem had not been remedied and Fitzgerald and his family were forced to vacate after one night. Fitzgerald sought to recover $1,979.50 in rent that he paid; $500 for damaged food and personal items; and $1,000 "for the offset of additional housing costs and damages." *Statement of* Claim, dated December 5, 2016,

Hearing was duly noticed for and held on April 3, 2017. Both parties appeared and engaged in mediation but were unable to reach agreement. The matter was

I

continued for trial by order of the court indicating that "[b]ecause of out of state witnesses, the parties will require at least 30-days advance notice of the trial date." *Order of Continuance,* dated April 3, 2017. A notice of trial was issued on June 14, 2017 setting a two-hour trial for 1:00 pm on August 7, 2017.

Fitzgerald appeared for trial; Donatelli did not. The trial judge issued a judgment by default in the amount of $2,399.50. No appeal was taken. When Donatelli subsequently failed to pay the judgment, Fitzgerald requested a disclosure hearing, which was scheduled for December 4, 2017 by a notice dated November 8, 2017.

On November 30, 2017, Donatelli filed a "Notice of Motion (Small Claims) M.R.S.C.P. 60(b)." The motion sought relief from the August 7th judgment. Hearing on the motion was set for December 4, 2017, the same date and time as the disclosure hearing.

After hearing on December 4th, the motion was denied on two grounds: first, Donatelli failed to establish good cause under Rule 55; and second, Donatelli failed to satisfy any of the grounds under Rule 60(b) to justify relief from judgment. The court rejected Donatelli's excuse that he was unable to attend because his car (with his mobile phone in it) had been stolen by a woman the night before (and thus he did not have the benefit of his phone calendar to remind him of the hearing). In reviewing the facts presented, the motion judge noted that "even in that chain of events, Mr. Donatelli points out the car was returned by 6:30 the next morning"—at which point Donatelli interjected: "No. The next evening, p.m." *Appendix,* XXXIII. The motion judge continued by observing that "despite the abundant documentation of the underlying claim that Mr. Donatelli has attached to his motion, he's not attached anything whatsoever, nothing, not a single document, with regard to his story about [the stolen car.]" *Id.* The motion judge concluded that without a police report or other corroborating

2

material, "I just don't find that that series of events is believable or results in good cause to remove the default." *Appendix*, XXXIV. And, further concluded:

> "[S]eparate and apart from the previous analysis, I still don't find that there's any cause under Rule 60(b) to take any action here. I find that there seems to be nothing about the underlying judgment issued by the Court that reflects mistake, inadvertence, surprise, or excusable neglect. Nor do I find that there's any newly discovered evidence that was not available at the time. Nor do I find there was any fraud or misrepresentation in Mr. Fitzgerald's presentation to the court at the time that led to judgment."

*Id.* The evidence presented did not establish fraud or "any other reason justifying relief from judgment." *Id.* at XXXIV-XXXV.

Donatelli contends on appeal that the motion judge erred by failing to (1) permit him (Donatelli) to (i) "correct a factual misstatement made by the Court" (the time his car and phone were returned) or (ii) present additional evidence central to his good cause argument (video clips on his phone); (2) to consider the record evidence to assess Donatelli's assertion of fraud, which was the basis for his Rule 60(b) motion; (3) to require Fitzgerald to substantiate and itemize his damage claims with receipts; and (4) to dismiss the claim because he "was instructed by the plaintiff to maintain the demised premises for the plaintiff indefinitely on December 9, 2016, and the prior filing in small claims court on December 6, 2016 to recover rental charges constitutes fraud." *Brief for* Appellant, at 13.

## Discussion

Trial courts have "a broad range of discretion in considering requests for relief and remedies pursuant to Rule 60(b);" appellate courts "do not have the same broad range of discretion reviewing trial court decisions on appeal." *Ezell v. Lawless*, 2008 ME 139, ¶ 19, 955 A.2d 202. *See also Hamby v. Thomas Realty Assocs.*, 617 A.2d 562, 563 (Me. 1992) (considerable deference given to trial court's determination of such a motion). In the context of an appeal, therefore, this court reviews denial of a Rule 60(b)

3

motion for an abuse of discretion and will only vacate a judgment if denial of the appeal "works a plain and unmistakable injustice against the defendant." *Cote Corp. v. Kelley Earthworks, Inc.*, 2014 ME 93, ¶ 14, 97 A.3d 127; *Levine v. KeyBank Nat'l Ass'n*, 2004 ME 131, ¶ 13, 861 A.2d 678. *See also* C. Harvey, *Maine Civil Practice*, § 60:1, 291-92 (2011).

In reviewing for an abuse of discretion, the court examines whether factual findings, if any, are supported by the record according to the clear error standard; whether the motion court understood the law applicable to its exercise of discretion; and given all the facts and applying the appropriate law, the motion court weighed the applicable facts and choices within the bounds of reasonableness. *McLeod v. Macul*, 2016 ME 76, ¶ 6, 139 A.3d 920. Donatelli has the burden of showing that the motion judge "exceeded the bounds of reasonable choices available to it, considering the facts and circumstances of the particular case and the governing law." *In re David H.*, 2009 ME 131, ¶ 42, 985 A.2d 490, *quoting Ezell*, 2008 ME 139, ¶ 19, 955 A.2d 207. Deference is given to the motion judge because of his familiarity with the case and superior position to evaluate credibility and good faith of the parties who appeared before him. *Hamby v. Thomas Realty Assocs.*, 617 A.2d 562, 563 (Me. 1992).

The court concludes that there is competent evidence in the record to support findings made; and the motion judge understood and properly applied the applicable law and rendered a reasonable decision on the basis of the record.

1. Good Cause

Donatelli's contentions that he was not allowed to make a factual correction and that the motion judge thus based his ruling on an erroneous understanding of the return time of the car (and phone) are belied by the record itself. Donatelli himself made the correction openly to the court in the middle of the court's ruling; and then the court

4

went on to state that without a police report or other independent, objective evidence to corroborate the story, "I just don't find that that series of events is believable . . . ." *Appendix*, XXXIV. The video clips were offered belatedly. *See Appendix*, XXXV. Even if the clips show a woman entering and driving his car, it is hard to see how that alone would have been a determinative factor on credibility, given the concerns already expressed by the motion judge. Donatelli claimed to have filed a police report about the incident, *Appendix*, XV; yet, he failed to produce any report. That was the decisive factor in the motion judge's assessment of credibility and the evidence presented in support of the motion. This court defers to the motion judge's "superior position to evaluate credibility," *see Hamby*, 617 A.2d at 563, and finds that the record does not support a contrary conclusion. In addition, establishing "good cause" requires proof of a second element, namely a meritorious defense to the action. Harvey, *Maine Civil Practice*, at 55:7, 206-07. Donatelli has not demonstrated that the record evidence established a meritorious defense to Fitzgerald's claim.

2. Fraud

Donatelli has likewise failed to demonstrate that the motion judge erred in rejecting his Rule 60(b) motion based on fraud, misrepresentation or other misconduct of an adverse party. *See* M.R. Civ. P. 60(B)(3). To justify relief from a default judgment on the basis of fraud, one must submit "clear and convincing proof that an advantage has been gained in the obtaining of a judgment by an act of bad faith whereby the court has been made an instrument of injustice." *Estate of Paine*, 609 A.2d 1150, 1153 (Me. 1992). Donatelli has not met this standard.

Donatelli's fraud contention focuses primarily on the damages claimed by Fitzgerald—that he "had filed the small claims fraudulently because of the amount of loss claimed by the plaintiff was arbitrary and continually escalating." *Appellant's Brief,*

5

at 6. Even if the value of Fitzgerald's damages varied at different points in time, there is nothing in the record to indicate that these changes were fraudulent or gave him an advantage in obtaining a default judgment. The motion judge correctly noted that "receipts are not necessarily required, and if the [trial judge] wanted to proceed and find damages in the absence of receipts, that was perfectly permissible;" and, further, if the trial court "accepted Mr. Fitzgerald's representations as it did, about the extent of those damages, there's nothing fraudulent in that." *Appendix*, at XXXIV-XXXV. It was within the discretion of the trial judge to accept Fitzgerald's representations as to the measure of damages, with or without receipts or other evidence. And, it bears noting that the trial court did not award Fitzgerald the full amount of damages claimed and did not make a separate award of costs.

3. Remaining Issues

Donatelli's remaining arguments go to the merits of his claim. Because he did not take a direct appeal, these arguments are waived.

Conclusion and Order

Accordingly, based on the foregoing the court concludes that the District Court did not abuse its discretion and the appeal is therefore denied.

The entry shall be: "Appeal denied. Order denying motion for relief from judgment dated December 4, 2017 affirmed."

The clerk may incorporate this Order Denying Appeal upon the docket by reference pursuant to Rule 79(a) of the Maine Rules of Civil Procedure.

Dated: July 25, 2018

_____
Wayne R. Douglas
Justice, Superior Court

**ENTERED ON THE DOCKET ON:** 7/25/18

6